UNITED STATES of America, Appellee,

v.

Edward LINDSEY, Appellant.

No. 85–5238.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 11, 1985.

Decided Jan. 22, 1986.

---

Michael P. Gallagher, Hopkins, Minn., for appellant.

Donald M. Lewis, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, FAGG, Circuit Judge, and McMANUS,* Senior District Judge.

PER CURIAM.

Edward Lindsey was indicted in November 1984 by a federal grand jury and charged with two counts of unlawful possession by a felon of firearms in violation of 18 U.S.C.App. § 1202(a)(1) (1982). Count I alleged the possession of a 45 caliber pistol on October 18, 1982; Count II charged Lindsey with possessing a 20 gauge shotgun on March 16, 1984. After a jury trial in federal district court,[1] Lindsey was found guilty on both counts and sentenced to a two-year term of imprisonment on each count, to be served consecutively.

Lindsey argues on appeal that the two counts of the indictment were improperly joined, or that, assuming proper joinder, he suffered prejudice from the refusal of the district court to sever the counts. We reject these claims and affirm Lindsey's conviction.

The joinder of offenses pursuant to Fed.R.Crim.P. 8(a) is allowed in three situations: (1) when the offenses are of the same or similar character; (2) when the offenses are based on the same act or transaction; or (3) when the offenses are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan. In applying the "same or similar character" standard, this court has allowed the offenses to be joined when "the two counts refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each count overlaps." *United States v. Shearer*, 606 F.2d 819, 820 (8th Cir.1979).

The seventeen-month time period between the offenses at issue here does not violate the "relatively short period of time" factor referred to in *Shearer*. *See United States v. Rodgers*, 732 F.2d 625, 629 (8th Cir.1984) (approving twenty-month period between offenses and citing other cases involving significant time periods between offenses but that nevertheless affirmed joinder).

Moreover, the offenses with which Lindsey was charged are of the same or similar character:

> Rule 8(a) is not limited to crimes of the "same" character but also covers those of "similar" character, which means "[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness."

*United States v. Werner*, 620 F.2d 922, 926 (2d Cir.1980) (quoting Webster's New International Dictionary (2d ed.)). In view of

---

* The Honorable Edward J. McManus, Senior United States District Judge for the Northern District of Iowa, sitting by designation. Judge McManus participated in oral argument but did not participate in the final vote. Pursuant to 28 U.S.C. § 46(d) (1982), "[a] majority of the number of judges authorized to constitute a court ... shall constitute a quorum."

1. The Honorable Miles W. Lord, Senior United States District Judge for the District of Minnesota (now retired).

the proscription against requiring a precise identity between the character of offenses, possession of two different types of firearms is "nearly corresponding" in nature.

Finally, the evidence as to the two counts with which Lindsey was charged overlap somewhat. The offenses are predicated on the same felony, Lindsey's 1977 perjury conviction. Moreover, the record indicates that the offense charged in Count II was developed in the course of federal agents' investigation of the transaction underlying Count I. We thus conclude that the offenses are of the "same or similar character" and that the trial court properly joined the offenses under Rule 8(a).

Lindsey did testify at trial in this matter, but he asserts that if the counts had been severed, he would have testified in a trial on Count II (possession of a shotgun), but not in a trial on Count I (possession of a pistol). Severance of counts under Fed.R. Crim.P. 14 is warranted, however, only when a defendant has made a convincing showing that he has both important testimony to give concerning one count and a strong need to refrain from testifying on the other. *United States v. Jardan*, 552 F.2d 216, 220 (8th Cir.), *cert. denied*, 433 U.S. 912, 97 S.Ct. 2982, 53 L.Ed.2d 1097 (1977). A review of the record convinces us that Lindsey failed to make a showing requiring severance of counts. Moreover, we find here that even if the trial court had severed the counts, the government would be allowed to admit evidence concerning the first offense in a trial for the second offense.[2] Therefore, Lindsey was not prejudiced either initially or at trial and the district court thus did not abuse its discretion in refusing to sever the two offenses.

*See United States v. Werner*, 620 F.2d at 928, 930.

Having examined the record and considered the briefs and arguments, we affirm Lindsey's conviction on both counts.

---

2. We note, however, that specific intent is not required for a violation of the statute prohibiting possession of a firearm by a felon. *United States v. Johnson*, 683 F.2d 1187, 1189 (8th Cir. 1982). Consequently, we disagree in part with the district court's statement that "either possession would be admissible in the other case, to show that [Lindsey] willfully and knowingly and intentionally had the possession in the other case." Transcript of Motions Hearing, Appellant's Brief at A–9. Nevertheless, Fed.R.Evid. 404(b) also allows evidence of other acts for

other purposes, such as proof of knowledge. *See generally United States v. Two Eagle*, 633 F.2d 93, 96–97 (8th Cir.1980); *United States v. Olsen*, 589 F.2d 351, 352 (8th Cir.1978), *cert. denied*, 440 U.S. 917, 99 S.Ct. 1237, 59 L.Ed.2d 468 (1979). The admission of evidence of other criminal conduct is a matter left to the discretion of the trial court and once such evidence has been admitted, reversal is mandated only when it is clear that certain standards have been violated. *United States v. Jardan*, 552 F.2d at 219.