No. 96-1728

United States of America,    *
                             *
      Plaintiff/Appellee,    *
                             *    Appeal from the United States
      v.                     *    District Court for the
                             *    Eastern District of Missouri.
Antwain D. Smith,            *
                             *         [UNPUBLISHED]
      Defendant/Appellant.   *


                     Submitted:   January 14, 1997

                        Filed:   February 25, 1997


Before BOWMAN and MURPHY, Circuit Judges, and JONES,[1] District Judge.


PER CURIAM.


      Antwain Smith was convicted of two counts of illegal firearm possession and sentenced to 138 months in prison.  Smith appeals his conviction, claiming that the district court[2] erred by denying his motion for a severance and by enhancing his sentence by four levels under Sentencing Guidelines § 2K2.1(b)(5) for possessing a firearm in connection with the felony of possession with the intent to deliver an imitation controlled substance.  We affirm.

_____

      [1]The Honorable John B. Jones, United States District Judge for the District of South Dakota, sitting by designation.

      [2]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

Smith was charged in one indictment with three counts involving firearms and ammunition.  Count I charged Smith with being a felon knowingly in possession of a nine millimeter pistol in violation of 18 U.S.C. §§ 922(g), 924(a)(2);  count II charged knowing possession of a sawed-off shotgun in violation of 26 U.S.C. §§ 5861(d), 5871; and count III charged felon knowingly in possession of ammunition in violation of 18 U.S.C. § 922(g)(1).  Smith's motion to sever was denied, and the counts were tried together.  A jury found him guilty on counts I and II, and not guilty on count III.

Joinder of charges is permitted if they are of the same or similar character.  Fed. R. Crim. P. 8(a).  They must involve the same types of offenses committed over a relatively short period of time and the evidence for each count must overlap.  United States v. Lindsey, 782 F.2d 116, 117 (8th Cir. 1986).  We review joinder de novo.  United States v. Rodgers, 732 F.2d 625, 628 (8th Cir. 1984).  Here the offenses involved illegal possession of firearms and ammunition, and they occurred within a ten month period which is within the range of time foreseen by the rule.  See Id. at 629-30 (permitting joinder of offenses that were twenty months apart).  The evidence also overlapped.  Evidence of two state firearm felony convictions and a state conviction for the sale of crack cocaine was admitted to prove the necessary element of a prior felony for counts I and III and to show knowing possession for all counts.[3]

A court may order separate trials if the joinder of offenses prejudices a defendant.  Fed. R. Crim. P. 14.  Smith sought to sever all counts.  The burden is on the defendant to make a "persuasive and detailed showing regarding the testimony he would

---

[3]Smith has not shown that the district court clearly erred in admitting this evidence in light of the defense offered at trial.

2

give on the count he wishes severed and the reason he cannot testify on the other counts." United States v. Possick, 849 F.2d 332, 338 (8th Cir. 1988). Smith did not meet this burden because he merely offered the general statement that he did not want to testify regarding count III because the testimony might be used by the state if it refiled murder charges against him, but that he wanted to testify regarding counts I and II. The district court did not abuse its discretion in denying Smith's severance motion.

Smith challenges the sufficiency of the evidence supporting the four level increase under Sentencing Guidelines § 2K2.1(b)(5) for possessing a firearm in connection with a felony. He claims the government did not show he intended to deliver an imitation controlled substance or that his possession of the gun was related to the imitation drugs. A sentence enhancement may be based on facts proved only by a preponderance of the evidence. See United States v. Watts, 117 S. Ct. 633, 637 & n.2 (1997). The jury concluded that Smith possessed a sawed-off shotgun and a police officer testified in the sentencing hearing that Smith had imitation cocaine at the time. There was also testimony that Smith and members of his gang had sold cocaine and that it was common for drug dealers to sell imitation drugs. It could be inferred that as an experienced cocaine handler and dealer, Smith would not have held imitation cocaine for his own consumption, but rather intended to deliver it. Further, the possession of the firearm along with drugs is evidence of an intent to deliver. See United States v. White, 81 F.3d 80, 82 (8th Cir. 1996). There was sufficient evidence to support the district court's findings and the four level enhancement.

The judgment is affirmed.

3

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.