# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3660

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District |
| Dennis W. Tyndall, | * | of Nebraska. |
| | * | |
| Appellant. | * | |

_____

Submitted:  May 15, 2001

Filed:  August 29, 2001

_____

Before MORRIS SHEPPARD ARNOLD, BRIGHT, and BYE, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Dennis Tyndall was convicted of attempted aggravated sexual abuse, *see* 18 U.S.C. §§ 1153, 2241(a), following an incident involving a thirteen-year-old girl. In the same trial, Mr. Tyndall was acquitted of a charge of attempted aggravated sexual abuse arising from an incident a year later that involved a woman in her sixties. Mr. Tyndall appeals his conviction, contending that the district court[1] improperly joined

_____

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

the two charges for trial, failed to sever the counts, and failed to grant a mistrial. We affirm the conviction.

## I.

Mr. Tyndall's conviction stemmed from events involving a thirteen-year-old girl, who testified that Mr. Tyndall asked her to ride with him to his aunt's home because he had been drinking, and he might need her to drive him back home. Along the way, she said, Mr. Tyndall pulled into a cornfield, placed a knife to her throat, and asked her to "make love" to him. She was able to escape through an open car window.

A year later, a sixty-seven-year-old woman accused Mr. Tyndall of attempting to assault her sexually. She testified that she went to Mr. Tyndall's brother's home to visit the brother, but found only Mr. Tyndall there. According to her, after making small talk, Mr. Tyndall twice grabbed her by the arm and asked if he could perform oral sex upon her. She was also able to escape.

Mr. Tyndall contends that the district court erred in joining the two charges for trial. Whether charges may be tried together is a question of law that we review *de novo*, *see United States v. Robaina*, 39 F.3d 858, 861 (8th Cir. 1994). Two offenses may be charged and tried together if they are of the "same or similar character," Fed. R. Crim. P. 8(a), and "[w]here the offenses are similar in character and occurred over a relatively short period of time and the evidence overlaps, joinder is ordinarily appropriate," *United States v. McClintic*, 570 F.2d 685, 689 (8th Cir. 1978).

Mr. Tyndall contends that none of the prerequisites for joinder was satisfied here, but we disagree. First, the two offenses were "similar" to each other. Rule 8(a) allows joinder not only of crimes of the "same" character but also those of a "similar" character, which means " '[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness.' " *United States v. Lindsey*, 782 F.2d 116, 117 (8th Cir. 1986) (*per curiam*) (quoting Webster's New Int'l Dictionary (2d ed.)).

The fact that there was a wide age difference between Mr. Tyndall's alleged victims is not, by itself, sufficient to show that the two incidents were dissimilar. The district court noted that both offenses charged were impulsive crimes of opportunity where it was alleged that Mr. Tyndall had managed to isolate his intended victims, and we agree that this is an entirely sufficient basis for concluding that the offenses were "similar."

The two incidents also occurred over a "relatively" short period of time, *see McClintic*, 570 F.2d at 689. Although they occurred a year apart, we have upheld the joinder of charges based on events separated by substantially longer periods. *See, e.g.*, *Lindsey*, 782 F.2d at 117 (17 months); *United States v. Rodgers*, 732 F.2d 625, 629 (8th Cir. 1984) (20 months).

Finally, the evidence as to each of these incidents overlaps. Although Federal Rule of Evidence 404(b) generally excludes the admission of evidence of other crimes to show the propensity to commit a particular crime, Congress excepted sexual assault cases from this rule when it enacted Federal Rule of Evidence 413. Rule 413 states that evidence of other sexual assaults by the defendant is admissible in sexual assault cases. Mr. Tyndall contends, however, that Federal Rule of Evidence 403 nonetheless prohibited the introduction of evidence regarding the 1999 incident at his trial because its unfair prejudicial effect outweighed its probative value.

"In considering evidence offered under Rule[] 413 ... , a trial court must still apply Rule 403, though in such a way as 'to allow [Rule 413 its] intended effect.' " *United States v. Mound*, 149 U.S. 799, 800 (8th Cir. 1998), *cert. denied*, 525 U.S. 1089 (1999) (quoting *United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir. 1997)) (alteration added). There is in this kind of case a "strong legislative judgment" that evidence of prior sexual crimes "should ordinarily be admissible," *LeCompte*, 131 F.3d at 769, and we see no reason to hold that such evidence was not admissible here. Although the later incident certainly does not portray Mr. Tyndall in the best light, admission of evidence regarding it was not so unfairly prejudicial as to require

exclusion. The district court, furthermore, was well aware of the requirements of Rule 403, since it excluded evidence of a prior rape conviction because of the potential for unfair prejudice. Because the later incident was admissible in a trial on the earlier one, and the other prerequisites for joinder were present, we hold that the district court did not err in joining the two charges for trial.

Mr. Tyndall also maintains that the district court should have severed the charges because of the prejudice caused to him by trying them together. When a defendant is prejudiced by the joinder of two charges, the court may in the exercise of its sound discretion sever the charges and require separate trials. *See Robaina*, 39 F.3d at 861; Fed. R. Crim. P. 14. When evidence of one crime is admissible in the trial of another crime, however, there is no prejudice in trying the two charges at the same time. *See Robaina*, 39 F.3d at 861-62. For the reasons that we have just explained, the evidence of the later incident was admissible in the trial involving the earlier one. The district court, therefore, did not abuse its discretion by refusing to sever the charges.

## II.

Mr. Tyndall's final contention is that the district court erred in failing to grant his motion for a mistrial. During Mr. Tyndall's testimony, in which he testified to a wild version of the earlier incident, the prosecutor asked the following question on cross-examination: "Today is the first time that anybody associated with law enforcement has heard this version of events from you, isn't it?" The court sustained Mr. Tyndall's counsel's immediate objection to the question, but denied his request for a mistrial. We review the denial of a mistrial motion for an abuse of discretion. *See United States v. Hale*, 1 F.3d 691, 694 (8th Cir. 1993).

Mr. Tyndall maintains that he was entitled to a mistrial because the prosecutor's question violated *Doyle v. Ohio*, 426 U.S. 610, 618 (1976), by attempting to use Mr. Tyndall's post-arrest silence against him. The government contends that the question merely referred to prior inconsistent statements that Mr. Tyndall had made to

the police.  *See Anderson v. Charles*, 447 U.S. 404, 408-09 (1980) (*per curiam*).  We need not determine which characterization of the question is the correct one, however, because for reasons that follow we conclude that there was no *Doyle* violation in any event.

The challenged question was the only reference, if any, made by the government to Mr. Tyndall's post-arrest silence, and the question was immediately objected to before Mr. Tyndall answered it.  The jury, furthermore, was instructed both at the beginning and at the end of trial that questions to which an objection was sustained were to be disregarded.  The jury, therefore, was unaware of the fact that Mr. Tyndall had refused to speak to the police after his arrest. Because Mr. Tyndall's "postarrest silence was not submitted to the jury as evidence from which it was allowed to draw any permissible inference," *Greer v. Miller*, 483 U.S. 756, 764-65 (1987), there was no violation of *Doyle* in this case, *see id.*  The district court thus did not abuse its discretion by refusing to grant a mistrial.

### III.

For the foregoing reasons, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-