**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name:  06a0051n.06**
**Filed:  January 18, 2006**

**04-6311**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE DISTRICT |
| v. | ) | COURT FOR THE EASTERN DISTRICT |
| | ) | OF KENTUCKY |
| DAMMARKO SHERRON NOLAN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  DAUGHTREY and COLE, Circuit Judges, and BARZILAY,[*] Judge.

PER CURIAM.  The defendant, Dammarko Sherron Nolan, entered a conditional guilty plea to two counts of a four-count indictment that charged him with distribution of cocaine and possession with intent to distribute cocaine, while reserving the right to appeal the district court's denial of his motion to suppress evidence and his motion for severance of offenses.  We find no reversible error in connection with either decision of the district court and affirm the judgment of conviction.

## I.  PROCEDURAL AND FACTUAL BACKGROUND

---

[*]The  Hon. Judith M.  Barzilay, Judge of the United States Court of International Trade, sitting by designation.

Nolan was convicted on drug-trafficking charges arising out of two separate incidents. The first occurred in June 2001 when Danville police set up a drug sale between Nolan and a confidential informant. After several recorded phone calls between Nolan and the informant, Nolan arranged a meeting in the parking lot of a Danville strip shopping center, at which time the informant purchased crack cocaine that Nolan had provided to a third party, Wasim Muhammad, who had arrived at the location with Nolan in Nolan's vehicle. The transaction was observed by local police, who had the area under surveillance.

Charges on the second offense grew out of Nolan's arrest in October 2003 on two warrants charging failure to notify the Department of Transportation of a change of address and failure to register a motor vehicle. The arrest warrants for those infractions had been sworn out by a Danville officer, Jamie Stamper. The affidavits submitted to secure the warrants provided the following information:

> Officer Stamper stopped the Defendant in 2001 and then stopped the Defendant again on 10/09/03 and the Defendant has failed to notify address change to the Department of Transportation. Officer Stamper confirmed such allegations through Danville Police Department records. The Defendant has [allegedly] been avoiding to change address the Defendant is currently under investigation for not [transferring] his address. The Defendant has lived in Danville for some time. The Defendant is currently residing at 141 Mason Ave. Danville, KY 40422. The Defendant has done this knowingly and willingly. The Defendant did this knowing he has no right to do so.

> Officer Stamper stopped the Defendant on 10/08/2003 at 0322hrs. The Defendant has been living in Danville, KY for over a month and has failed to register his 1995 GMC truck Tennessee Plate # MWN169. The Defendant

has done this in the past. This officer has prior knowledge that the Defendant has avoided [transferring] his vehicles. The Defendant has done this knowingly and willingly, without any right to do so. This officer compared Danville Police Department records to confirm this.

On November 12, 2003, law enforcement officers observed the defendant at a pizzeria and pulled him over after he left the restaurant, allegedly based on the outstanding arrest warrants. After arresting Nolan and taking him into custody, the police conducted an inventory search of the vehicle and discovered two plastic bags of marijuana, approximately 60 grams of crack cocaine, and a set of scales. A resulting state indictment was dismissed after a four-count federal indictment covering both the 2001 incident and the 2003 incident was returned.

Prior to his plea, Nolan filed a motion to suppress, arguing that the warrants for the arrest in 2003 were "fatally deficient and defective on their face" because, as a matter of fact, he was not a resident of Danville, Kentucky, as alleged in the affidavit, but instead lived in Elyria, Ohio. The district judge concluded that Nolan had made "a conclusory statement that the warrant was false, but d[id] not allege that the allegations were deliberately false or that the truth had been recklessly disregarded." The court held that Nolan also failed to establish that the arresting officers did not act in good faith. In a motion for reconsideration, Nolan argued that "the record in the state district court will show that the officer knew that Nolan was a resident of Ohio when the officer swore out the warrants that led to his arrest." The district court denied Nolan's motion to reconsider, noting that

Nolan again failed to "provide any evidence of Officer Stamper acting with 'deliberate falsity or reckless disregard,'" as required by *Franks v. Delaware*, 438 U.S. 154 (1978).

Nolan also filed a motion to sever the charges. In that motion he argued that the more than two-year time span between the offenses was too great to allow for proper joinder. In addition, Nolan argued that trying all four counts together would "create extreme prejudice" because he intended to testify on counts one and two, involving the 2001 offense, but not for counts three and four, which covered the 2003 offense.

The district court denied the motion to sever, finding that the 29-month period between the offenses was still "a relatively short period of time." The court also rejected Nolan's claim that he would suffer prejudice if counts one and two were tried at the same trial as counts three and four.

## II. DISCUSSION

### A. Motion to Suppress

The defendant contends that the 2003 arrest warrants were not supported by probable cause, given that the supporting affidavits erroneously alleged that he was a resident of Danville, Kentucky, and that a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), would have established their constitutional invalidity, based on the false statement in the affidavit regarding his residence.

We conclude, as did the district court, that Stamper's affidavit contained enough information to establish probable cause.  It establishes, in addition to Stamper's contacts with Nolan in Danville over a two-year period, that Nolan's car was registered in Tennessee, not Ohio, which supports the charge that Nolan had failed to change his registration as required by Kentucky law.  Although the circumstances surrounding the execution of the 2003 arrest warrants suggest that the Danville officers were more concerned with Nolan's drug-trafficking activities than with his non-compliance with state registration laws, the affidavits were legally sufficient to establish probable cause, and there is no basis in the record for finding that the district court erred in failing to suppress evidence on the basis of a *Franks v. Delaware* violation.

## B.  Motion to Sever

Nor do we find error in the district court's denial of the motion to sever.  As a threshold matter, it appears that the offenses were properly joined pursuant to Federal Rule of Criminal Procedure 8, which provides that an indictment "may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Civ. P. 8(a).  There is, of course, no dispute that the drug-trafficking charges in the indictment are of the same character. Moreover, in this circuit we have put little emphasis on temporal connection, holding in *United States v. Chavis*, 296 F.3d 450, 458 (6th Cir. 2002), that despite a "significant gap

in time" between the offenses in the indictment, "the government's case for joinder depends upon whether the two offenses were of the 'same or similar character.'"

The next question is whether, under Federal Rule of Criminal Procedure 8, the district court abused its discretion in ruling that the defendant failed to establish a basis for severing otherwise properly joined offenses. Here, the defendant faces a decidedly uphill battle, given our holding that a defendant "must show compelling and specific prejudice to reverse a district court's denial of a severance." *United States v. Sherlin*, 67 F.3d 1208, 1215 (6th Cir. 1995). Nolan contends that he was prejudiced by the lack of severance because he would have testified in his own defense at a separate trial on the first two counts, concerning the 2001 offenses, but not at a trial on counts three and four, regarding the 2003 charges.

Relying on *United States v. Lindsey*, 782 F.2d 116, 118 (8th Cir. 1986), the district court rejected this argument and noted that the grant of a motion to sever on this basis is proper only when "a defendant has made a convincing showing that he has both important testimony to give concerning one count and a strong refrain from testifying on the other," which the court did not find to be the situation in this case, because the defendant made no showing as to *why* there was a need for his testimony in one trial but a need to refrain from testifying at another. The district court also observed that if the motion were granted, the government could follow through on its intention to prosecute the more recent charges first and then introduce evidence of Nolan's conviction on those offenses to impeach his

testimony at any subsequent trial on the older offenses. As the government points out, "No basis exists to sever counts when the same evidence is admissible in separate trials." *See United States v. Bencs*, 28 F.3d 555, 559-60 (6th Cir. 1994).

### III. <u>CONCLUSION</u>

For the reasons set out above, we find no error in the district court's denial of the defendant's motions to suppress and to sever, and we therefore AFFIRM the judgment entered in the court below.