# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1015

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Timothy Dewayne Hibbler, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 11, 2008
Filed: August 5, 2008

_____

Before MURPHY, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

After a jury convicted Timothy Hibbler of three firearm offenses, the district court[1] sentenced him to 262 months as an Armed Career Criminal pursuant to 18 U.S.C. § 924(e). Hibbler appeals arguing the district court abused its discretion by refusing to sever two indictments brought against him and erred in refusing to suppress certain incriminating statements about one of the firearm charges. He also argues the evidence was insufficient to support one of the firearm convictions, and the district court erred in applying the Armed Career Criminal Act (ACCA) by counting

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

a single criminal episode as two separate felonies. We affirm the convictions and sentence.

We will reverse the denial of a motion to sever only if a defendant shows an abuse of discretion which severely prejudiced him. United States v. Taken Alive, 513 F.3d 899, 902 (8th Cir. 2008). The district court did not abuse its discretion by refusing to sever the two indictments because they involved the same or similar crimes (felon in possession of firearm), occurred over a relatively short period of time (seven months apart), and the evidence overlapped. See United States v. Tyndall, 263 F.3d 848, 849 (8th Cir. 2001) (indicating separate offenses may be tried together when they are similar, occur over a relatively short period of time (twenty months apart), and the evidence overlapped); United States v. Lindsey, 782 F.2d 116, 117 (8th Cir. 1986) (holding evidence overlaps in felon-in-possession charges where the offenses are predicated on the same prior felony charge).

We review the denial of a motion to suppress for clear error with respect to factual determinations, and de novo with respect to legal conclusions. United States v. Bell, 477 F.3d 607, 612 (8th Cir. 2007). We will affirm unless the district court's decision is unsupported by substantial evidence or based on an erroneous view of the law. Id. The district court did not err in allowing the incriminating statements because Hibbler was read his Miranda[2] rights and placed his initials next to each "yes" on a standard rights form indicating he understood his rights. After being advised of his rights, Hibbler indicated he was willing to give a statement, and did so. See id. (indicating a defendant's statements may be used against him if he knowingly and voluntarily waives his right to remain silent after being advised of his Miranda rights). The fact that Hibbler refused to sign the statement following the officer's questioning does not require suppression of the statement. See United States v. Washington, 109

---

[2]Miranda v. Arizona, 384 U.S. 436 (1966).

F.3d 459, 465 (8th Cir. 1997) (indicating a suspect's refusal to sign a waiver form is not dispositive).

We review challenges to the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the government and accepting all reasonable inferences in favor of the verdict. United States v. Garcia, 521 F.3d 898, 901 (8th Cir. 2008). The facts viewed in the light most favorable to the verdict with respect to the challenged conviction indicate an officer saw Hibbler flee carrying a black leather jacket. Later, the same officer saw him without the black leather jacket, which was shortly thereafter found under a shed in the backyard where he had fled. A firearm was found in the lining of the jacket. Hibbler later made an incriminating statement that "[t]hey didn't catch me with my gun." The government proved Hibbler was a felon at the time. These facts are more than adequate to support the jury's determination Hibbler was a felon in possession of a firearm.

In determining whether prior offenses should be treated as one offense rather than two for purposes of the ACCA, we review the district court's factual determinations for clear error and its legal conclusions de novo. United States v. Turner, 431 F.3d 332, 337 (8th Cir. 2005). To qualify as separate offenses for purposes of the ACCA, each prior conviction must be a separate and distinct criminal episode rather than part of a continuous course of conduct. United States v. Deroo, 304 F.3d 824, 828 (8th Cir. 2002). Crimes occurring even minutes apart qualify as separate offenses if they involve different victims and are committed at different locations. Id. The two predicate offenses Hibbler claims should be counted as a single criminal episode – his September 2003 convictions for arson and terroristic threats – qualify as separate offenses. Hibbler committed the offenses four days apart, at different locations, and they involved different victims.

We affirm the convictions and sentence.

_____