# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2234
_____

United States of America

*Plaintiff - Appellee*

v.

Christopher Stowell

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith
_____

Submitted: April 15, 2022
Filed: July 25, 2022
_____

Before LOKEN, KELLY, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

Christopher Stowell pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2). At sentencing, the district court[1] found that he was an armed career criminal, 18 U.S.C. § 924(e)(1). Stowell appeals, arguing that

---

[1]The Honorable P.K. Holmes, III, United States District Judge for the Western District of Arkansas.

he is not because two of his predicate offenses were committed on the same occasion. We affirm.

The Presentence Report indicated that Stowell committed three violent state-law felonies that qualify as predicate offenses under the Armed Career Criminal Act: a 2004 conviction for residential burglary; a 2006 conviction for battery second degree; and a 2006 conviction for battery first degree and possession of a firearm by a certain person. The PSR described the two battery convictions as follows:

> According to the felony information filed in this case, on or about March 8, 2006, Stowell did unlawfully, feloniously and with the purpose of causing physical injury to [Victim 1], cause serious physical injury to [Victim 1], by means of a deadly weapon. . . .

> According to the felony information filed in this case, on or about March 11, 2006, Stowell did unlawfully, feloniously and with the purpose of causing serious physical injury to another person, cause serious physical injury to [Victim 2], by means of a deadly weapon. On that same date, Stowell was found to be in possession of a firearm after having been previously convicted of a felony.

Since the State charged both offenses in the same indictment, the convictions were on the same date.

Because of the same conviction date, Stowell argued that he committed the batteries on the same occasion, which would make them a single ACCA predicate offense. The district court instead relied on the PSR and concluded that he committed the batteries on different occasions, qualifying them as separate ACCA predicate offenses. As a result, the court classified Stowell as an armed career criminal and sentenced him to the statutory minimum of 180 months in prison and five years of supervised release. Stowell appeals.

"The Armed Career Criminal Act provides for a minimum term of fifteen years' imprisonment for a felon in possession of a firearm, if the defendant has three previous convictions for a 'violent felony' or a 'serious drug offense,' committed on occasions different from one another." *United States v. Harris*, 794 F.3d 885, 886 (8th Cir. 2015) (referencing 18 U.S.C. § 924(e)(1)). The issue is whether Stowell's two 2006 battery convictions were committed on the same occasion. We review whether a prior conviction qualifies as an ACCA predicate offense, including a "different occasions" determination, *de novo*. *United States v. Humphrey*, 759 F.3d 909, 911 (8th Cir. 2014) (quotation omitted).

To decide whether multiple offenses were committed on separate occasions, we use a three-factor analysis, considering: "(1) the time lapse between offenses, (2) the physical distance between their occurrence, and (3) their lack of overall substantive continuity, a factor that is often demonstrated in the violent-felony context by different victims or different aggressions." *United States v. Willoughby*, 653 F.3d 738, 743 (8th Cir. 2011).[2] These factors suggest that Stowell committed the batteries on different occasions. First, the offenses occurred three days apart, a significant time lapse. *See United States v. Hibbler*, 295 F. App'x 106, 107 (8th Cir. 2008) (per curiam) (holding that defendant's arson and terroristic threats convictions—committed four days apart, at different locations, and against different

---

[2]We have repeatedly designated crimes that occurred a few minutes apart and in close physical proximity as being committed on separate occasions. *See United States v. Perry*, 908 F.3d 1126, 1131–32 (8th Cir. 2018) (holding that defendant, who robbed a gas station clerk at gunpoint, ran outside, and then shot at a bystander who tried to pursue him, committed offenses on separate occasions). In closer cases, the test may be called into question by the Supreme Court's decision in *Wooden v. United States*, 142 S.Ct. 1063, 1069 (2022) (holding that, under the ordinary meaning of "occasion," an offender who broke into ten conjoined storage units committed all ten burglaries on the same occasion). But *Wooden* didn't supplant our three-factor test. In fact, the Court specifically noted that time, proximity, and the character of or relationship between offenses may be relevant. *Id.* at 1070–71. And, the offenses here did not occur close enough in time to implicate *Wooden*. *See id.* at 1071 ("In many cases, a single factor—especially of time or place—can decisively differentiate occasions.").

victims—were committed on separate occasions).  Second, the offenses lacked any substantive continuity—they were directed at two different, unrelated victims with no indication of a common motivation or plan.  *See id.* at 107–08.  Under these facts, we conclude that Stowell's two battery offenses were committed on separate occasions and qualify as separate ACCA predicate offenses.

Stowell nonetheless argues that, because the ACCA raises the statutory minimum sentence, the facts necessary to establish that he is an armed career criminal must be submitted to a jury and found beyond a reasonable doubt.  *See Alleyne v. United States*, 570 U.S. 99, 116 (2013); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").  The Supreme Court has held that the sentencing court is limited to the "fact of conviction," which includes only the elements of the offense, when determining whether a prior generic state offense qualifies as a "violent felony" under the ACCA.  *Mathis v. United States*, 579 U.S. 500, 511–12 (2016).  Stowell argues that this limitation applies to the different occasions analysis as well.  If that's true, then we are left only with the fact that Stowell was convicted of both offenses, because the date of commission is not an element of battery.  And because the convictions occurred on the same day, the facts of conviction do not provide enough information to conclude that the offenses were committed on separate occasions.

The problem is that this argument is foreclosed by our precedent.  We have held that the different occasions analysis involves "recidivism-related facts" that do not need to be submitted to the jury.  *United States v. Harris*, 794 F.3d 885, 887 (8th Cir. 2015); *see also United States v. Faulkner*, 826 F.3d 1139, 1148 n.6 (8th Cir. 2016) ("We can examine the circumstances of these prior offenses instead of just the fact of conviction, as we are not restricted under *Taylor v. United States*, [495 U.S. 575 (1990),] or *Shepard v. United States*, [544 U.S. 13 (2005),] as to what we can view to determine whether these are separate offenses."); *United States v. Evans*, 738 F.3d 935, 936 (8th Cir. 2014) (per curiam), *overruled on other grounds by*

*Johnson v. United States*, 576 U.S. 591, 606 (2015) ("We have previously held the question of whether prior felonies were committed on separate occasions may be resolved by a judge. Moreover, we have rejected similar Sixth Amendment arguments challenging the information the district court considers when determining the specific dates on which the offenses occurred." (quotation omitted) (cleaned up)).

Though the constitutionality of this practice has been recently questioned, *see Wooden v. United States*, 142 S.Ct. 1063, 1087 n.7 (2022) (Gorsuch, J. concurring); *United States v. Perry*, 908 F.3d 1126, 1136 (8th Cir. 2018) (Stras, J. concurring), it remains the law of our circuit. And nothing in *Wooden* changed this. 142 S.Ct. at 1068 n.3. We are bound by prior panels. *See Mader v. United States*, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) ("It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." (quotation omitted)). The district court's use of the PSR to determine the date on which each offense occurred did not violate the Sixth Amendment. Because the district court correctly determined that Stowell committed three ACCA predicate offenses under our precedent, we affirm.

KELLY, Circuit Judge, dissenting.

While Stowell's appeal was pending, the United States Supreme Court decided Wooden v. United States, 142 S. Ct. 1063 (2022), which provided lower courts guidance on how to determine whether a defendant has three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another" for purposes of § 924(e)(1). I would therefore vacate and remand for resentencing to allow the district court to resolve Stowell's objection to the § 924(e) enhancement, this time with the benefit of Wooden. See United States v. Williams, No. 19-2235, 2022 WL 1510779, at *1 (8th Cir. May 13, 2022) (unpublished) (per curiam) (remanding to the district court for a new factual determination on the issue of whether the defendant had three prior convictions committed on different occasions in light of Wooden).

I agree that <u>Wooden</u> did not alter the prevailing law of our circuit that the Sixth Amendment permits reliance on judge-found facts, including facts set forth in a PSR, to determine whether a defendant has three predicate convictions that were committed on separate occasions. That much remains the same. But <u>Wooden</u> did alter the approach courts in this circuit must use when assessing whether predicate offenses were committed on different occasions. <u>Wooden</u> resolved a split of authority between circuits—including the Eighth—that found the ACCA occasions clause satisfied "whenever crimes take place at different moments in time," and those that undertook "a more holistic inquiry." 142 S. Ct. at 1068 & nn.1–2 (abrogating <u>United States v. Abbott</u>, 794 F.3d 896, 898 (8th Cir. 2015) (per curiam), which applied the rule that "to prove that two offenses are sufficiently separate and distinct for ACCA purposes, it is *sufficient* (although, not necessary) to show that some time elapsed between the two prospective predicate offenses" (quotation omitted)). The Supreme Court adopted the latter view, holding that the "occasions" requirement is multi-factored in nature, taking into account the timing of offenses, as well as the proximity of the locations, and the character and relationship of the offenses. <u>Id.</u> at 1071.

Here, in determining whether Stowell had three prior convictions committed on separate occasions, the district court relied only on the dates of the offenses as identified in the PSR, explaining that although "[t]he judgment and dates of conviction are the same date . . . , if you go back and look at the criminal history . . . you'll see that the [offenses] were separate offenses. They occurred on separate dates." Presumably relying on cases like <u>Abbott</u>, the district court then found that Stowell qualified as an armed career criminal under 18 U.S.C. § 924(e) without addressing any other factors.

The district court's ACCA analysis in Stowell's case mirrors the district court's analysis of the occasions clause in <u>United States v. Williams</u>. In Williams's case, as in this one, the district court relied on the PSR to find that the prior offenses were committed on different dates, without discussing any other factors. Williams appealed, and we affirmed. <u>United States v. Williams</u>, 976 F.3d 781, 787 (8th Cir.

2020), vacated, 142 S. Ct. 1439 (2022). But Williams sought certiorari, and the Supreme Court vacated the judgment of this court and remanded "for further consideration in light of Wooden v. United States," Williams, 2022 WL 1510779, at *1, and this court then remanded to the district court for a new factual determination of whether Williams had three prior convictions committed on different occasions, id.

In my view, Stowell's case should be treated the same way. The district courts in both cases applied the same pre-Wooden approach, failing to engage in a multi-factored inquiry or consider the "range of circumstances [that] may be relevant to identifying episodes of criminal activity." Wooden, 142 S. Ct. at 1071. Wooden did recognize that "[i]n many cases, a single factor—especially of time or place—can decisively differentiate occasions." Id. But that possibility does not eliminate the need for a fact-intensive inquiry. Nor does it mean that a sentencing court need not consider any factors other than "time or place." Maybe the task on remand will be "straightforward and intuitive," id., but neither party had the opportunity to make their argument under a Wooden analysis. Regardless of what we anticipate the result may or may not be, it is not for this court to decide whether Wooden's multi-factored approach will alter the result in Stowell's case. That is a question for the sentencing court to decide in the first instance. I respectfully dissent.

_____