# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4236

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of South Dakota. |
| | * | |
| Tracy Lee, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:   October 16, 2000

Filed:   November 24, 2000

_____

Before WOLLMAN, Chief Judge, BEAM, and MORRIS SHEPPARD ARNOLD,
        Circuit Judges.

_____

WOLLMAN, Chief Judge.

Tracy Lee was found guilty by a jury on one count of abusive sexual contact and
was sentenced by the district court[1] to thirty months' imprisonment.  Lee appeals,
challenging the sufficiency of the evidence. We affirm.

_____

[1]The Honorable Charles B. Kornmann, U.S. District Judge for the District of
South Dakota.

Lee was indicted on three counts of abusive sexual contact with a child who had not attained the age of twelve in violation of 18 U.S.C. §§ 1153, 2244(a)(1), and 2246(3). Count I alleged a time period from May through September of 1996, Count II alleged a time period December of 1996 through April of 1997, and Count III alleged that the abusive sexual contact occurred on or about June 12, 1997.

The jury was unable to reach a verdict at Lee's first trial, which was held on April 29, 1999. The jury at Lee's second trial, held on May 25-26, 1999, found Lee not guilty on Count I, was unable to reach a verdict on Count II, and found Lee guilty on Count III.

As to Count III, the evidence showed that in June of 1997, T.G., the victim of the offense, was an eleven-year-old girl who lived with her mother, her four half-siblings, and Lee, the father of her two younger half-siblings. T.G. testified that, while her mother was in Fargo for a week in June of 1997, Lee entered T.G.'s bedroom at night and touched her genital area. The mother's testimony concerning the events that occurred during the week she was in Fargo was limited to recounting what T.G. had told her, both orally and in a note, in late July of 1997. (We note that Lee did not object to the admission of the mother's testimony or the contents of the note.)

Lee contends that the evidence is insufficient to sustain his conviction. In considering challenges to the sufficiency of the evidence:

> [w]e view the evidence in the light most favorable to the verdict, accepting as established all reasonable inferences the evidence tends to prove. While the government is obligated to prove every element of the offense, the evidence "need not exclude every reasonable hypothesis of innocence, but simply be sufficient to convince the jury beyond a reasonable doubt that the defendant is guilty."

United States v. Jolivet, 224 F.3d 902, 907 (8th Cir. 2000) (quoting United States v. Hawkey, 148 F.3d 920, 923 (8th Cir. 1998); other citations omitted).

The essential elements of abusive sexual contact as charged in Count III are that the defendant: (1) knowingly and intentionally engaged in sexual contact with another; (2) intended to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; (3) is an Indian; and (4) committed the act in Indian country. See 18 U.S.C. §§ 1153, 2244(a)(1), and 2246(3). (Because Lee stipulated to the existence of the third and fourth elements, they are not at issue on appeal.)

T.G. testified that Lee touched her "between [her] legs" outside and inside her panties and that "[h]e would feel me and sometimes move his fingers around." Such contact is explicitly deemed "sexual contact" by the statute. See 18 U.S.C. § 2246(3) (defining "sexual contact" as including the intentional touching of the genitalia). This testimony constitutes sufficient evidence on the first element.

Lee next argues that the government failed to prove the second element of the offense by offering no evidence of intent. The absence of such evidence, however, is no defect in the government's case where the contact alleged is so clearly sexual that the jury may infer the defendant's intent. See United States v. Demarrias, 876 F.2d 674, 676 (8th Cir. 1989). "[Abusive sexual contact] encompasses some types of contact which by their nature are sexual acts, and therefore require no showing of intent." Id. T.G. testified that Lee touched and rubbed her genital area at night while he believed she was asleep. Viewed in the light most favorable to the verdict, and in the absence of any suggestion that the touching occurred in furtherance of a non-sexual purpose, such as the administering of medication or other ameliorative care, such behavior implies its own intent.

Lee argues that the government failed to prove the date of the offense as charged in the indictment. A variance between a defendant's indictment and the evidence

offered to convict him at trial is unconstitutional if it deprives the defendant of due process. See Kotteakos v. United States, 328 U.S. 750, 760-62 (1946). An indictment is sufficient if it (1) contains the elements of the charged offense and fairly informs the defendant of the charge against which he must defend, and (2) enables him to plead double jeopardy as a bar to further prosecution. See United States v. Diaz-Diaz, 135 F.3d 572, 575-76 (8th Cir. 1998). A minor variance between the date of the offense as charged in the indictment and as proven at trial is constitutional so long as the indictment is sufficient to apprise the defendant of the charges against him and to allow his counsel to prepare for trial effectively. See United States v. McMahan, 744 F.2d 647, 651 (8th Cir. 1984) (affirming conviction where indictment charged "on or about April, 1979" and evidence at trial indicated crime occurred in May of 1979).

The government relied on T.G.'s testimony that the abuse occurred during her mother's week-long trip to Fargo in June of 1997 to establish the time frame. (Why the government made absolutely no attempt through the mother's testimony to establish during which week in June the trip was made, we do not know.) Because the offense alleged in Count III occurred sometime during the month of June, the evidence offered by the government was sufficient to satisfy Lee's due process rights.

Finally, citing Ball v. United States, 470 U.S. 856, 868 (1985) (Stevens, J., concurring in the judgment), Lee argues that by bringing three charges against him when its evidence was weak, the government substantially enhanced the possibility that Lee would be found guilty on one or more charges as a result of a compromise verdict.

Although the government's proof on Counts I and II was weaker than that on Count III, we cannot say on the basis of the record that the government sought the indictments on those two counts merely to enhance its chances of a conviction on Count III.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.