# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2664

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Angela Marie Gray, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 8, 2010
Filed: May 28, 2010

_____

Before BYE, ARNOLD, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Angela Gray pled guilty to one count of executing a scheme to defraud U.S. Bank by means of materially false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. § 1344. The district court[1] imposed a sentence of 87 months' imprisonment. Gray appeals, and we affirm.

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

After Gray entered her plea of guilty, the United States Probation Office calculated Gray's advisory guideline sentencing range as 33 to 41 months. Gray urged the district court to sentence below the advisory range, arguing that her placement in criminal history category VI overstated the seriousness of her criminal history, that she did not present a high risk of recidivism, and that her ready cooperation with law enforcement merited leniency. Calling Gray "a persistent and unrelenting thief" and "recidivism personified," the district court not only rejected Gray's request for leniency, but decided to vary upward from the advisory range to impose a sentence of 87 months' imprisonment.

Gray appeals her sentence, arguing that the district court committed procedural error by failing to consider the sentencing factors listed in 18 U.S.C. § 3553(a) and by failing to explain its chosen sentence. She also contends that the sentence of 87 months' imprisonment is substantively unreasonable.

In reviewing a sentence after *Gall v. United States*, 552 U.S. 38 (2007), we "must first ensure that the district court committed no significant procedural error," including a failure to consider the § 3553(a) factors or to provide an adequate explanation of the chosen sentence. *Id.* at 50-51. If the district court's sentencing decision is procedurally sound, we may then consider whether the sentence imposed is substantively reasonable. *Id.* at 51. This analysis "take[s] into account the totality of the circumstances, including the extent of any variance" from the advisory guideline range, and "a major departure should be supported by a more significant justification than a minor one." *Id.* at 50-51. When reviewing substantive reasonableness, we apply a deferential abuse-of-discretion standard, recognizing the district court's "access to, and greater familiarity with, the individual case and the individual defendant." *Id.* at 51 (internal quotation omitted).

Gray contends that the district court's consideration of the § 3553(a) factors was faulty because it focused almost exclusively on her criminal history, without giving

-2-

adequate consideration to information that she provided to law enforcement or to factors suggesting she may present a low risk of recidivism. She also asserts that the district court erred by failing to discuss specific factors that she raised in her sentencing memorandum and in oral argument at sentencing. Because Gray did not raise these objections in the district court, we review for plain error. *United States v. Burnette*, 518 F.3d 942, 946 (8th Cir. 2008).

At the sentencing hearing, the district court explained its reasoning at length. The court recognized positive aspects of Gray's life, including her pursuit of education and attempts at learning a trade. But the court concluded that Gray's persistent acts of theft and fraud outweighed any mitigating factors and that the advisory guideline range was not adequate to achieve the sentencing goals of deterrence, protection of the public, and punishment. We are satisfied that the court considered the relevant factors, both positive and negative, before pronouncing sentence and did not commit a plain procedural error.

Under our deferential standard of review, we conclude that the sentence imposed was not substantively unreasonable. Gray's extensive history of theft and fraud, and her apparent inability to break from this history and discontinue criminal activity, provided a reasonable basis for the district court's decision to vary upward from the advisory guideline range. *See United States v. Hill*, 513 F.3d 894, 899 (8th Cir. 2008); *United States v. Washington*, 515 F.3d 861, 867 (8th Cir. 2008).

The judgment of the district court is affirmed.

_____