# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1544

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Gary M. Holy Bull, also known | * | |
| as Garry M. Holy Bull, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: December 17, 2009
Filed: July 30, 2010

_____

Before BYE, BEAM and COLLOTON, Circuit Judges.

_____

BYE, Circuit Judge.

Gary Holy Bull was convicted following a trial by jury of sexual abuse of a minor, in violation of 18 U.S.C. § 2243(a). In a pretrial ruling, the district court[1] held admissible evidence of prior sexual contact with a minor, pursuant to Federal Rule of Evidence 413. Holy Bull was sentenced to 87 months' imprisonment, the low end of the Guidelines range. On appeal, Holy Bull raises three issues: whether the district court abused its discretion by admitting evidence of prior sexual abuse, whether the

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

evidence was sufficient to support the conviction, and whether the sentence imposed was substantively reasonable. We affirm.

I

In 2007, Gary Holy Bull lived in a residence on the Sisseton-Wahpeton Sioux Indian Reservation in South Dakota. Also living at the same residence were Holy Bull's wife, A.W., and Holy Bull's stepdaughter B.B. On one evening during May 2007, B.B. heard a noise at her window; feeling scared, she went into Holy Bull's bedroom and climbed into bed with him. B.B. woke up later that evening to Holy Bull kissing her, putting his tongue in her mouth, and fondling her vaginal area underneath her clothing. After B.B. broke off physical contact, Holy Bull began to cry and gave B.B. a ceremonial pipe as a gift. On the following night, B.B. again spent the night in Holy Bull's bed. During the night, she woke up to Holy Bull fondling her buttocks. B.B. was twelve years old at the time of these incidents.

Approximately six months later, B.B. told her mother about the abuse. After A.W. confronted Holy Bull, he admitted to her that he "woke up kissing her and that he hurt her." Holy Bull was subsequently interviewed by FBI Special Agent Joe Weir. During the interview, Holy Bull admitted to fondling B.B.'s vaginal area underneath her clothing and kissing B.B. on the lips.

Holy Bull was indicted on charges of sexual abuse of a minor, in violation of 18 U.S.C. § 2243(a), and abusive sexual contact, in violation of 18 U.S.C. § 2244(a)(3). Prior to trial, the prosecution brought a motion to admit evidence of prior misconduct by Holy Bull. The prior conduct consisted of testimony of a different stepdaughter who stated she was fondled by Holy Bull at various times between 1981 and 1985. The prior victim testified that Holy Bull often rubbed her thighs, buttocks, and breasts; she further testified that Holy Bull would enter her bedroom at night, or call her into his bedroom, and fondle her in the vaginal area. The

district court held the evidence admissible and the evidence was presented to the jury. After the evidence was presented, the court cautioned the jury not to automatically infer guilt based on the prior conduct.

The jury found Holy Bull guilty of sexual abuse of a minor, but acquitted him of abusive sexual contact. The district court sentenced Holy Bull to 87 months' imprisonment, the bottom end of the Guidelines range.

Holy Bull timely appeals.

## II

Holy Bull contends the district court erred by admitting evidence of his prior acts of sexual abuse. We will not reverse a district court's evidentiary rulings unless they constitute a clear and prejudicial abuse of discretion. See United States v. Goodson, 155 F.3d 963, 969 (8th Cir. 1998).

Evidence of prior bad acts is generally not admissible to prove a defendant's character or propensity to commit crime. Fed. R. Evid. 404(b). However, Congress altered this rule in sex offense cases when it adopted Rules 413 and 414 of the Federal Rules of Evidence. After the adoption of Rules 413 and 414, in sexual assault and child molestation cases, evidence that the defendant committed a prior similar offense "may be considered for its bearing on any matter to which it is relevant," including the defendant's propensity to commit such offenses. Fed. R. Evid. 413(a), 414(a). If relevant, such evidence is admissible unless its probative value is "substantially outweighed" by one or more of the factors enumerated in Rule 403, including "the danger of unfair prejudice." United States v. LeCompte, 131 F.3d 767, 769 (8th Cir. 1997).

Our most apposite case is <u>United States v. Gabe</u>, 237 F.3d 954 (8th Cir. 2001). There, the defendant was found guilty of fondling and having sex with a young female victim who lived in the defendant's home. <u>Id.</u> at 957. Over the defendant's objection, the district court admitted evidence that twenty years prior to the charged conduct, the defendant, on several occasions, touched the vagina of a victim of similar age. <u>Id.</u> at 959.

We began our analysis in <u>Gabe</u> by examining whether the evidence had probative value, recognizing "the strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible." <u>Id.</u>; <u>LeCompte</u>, 131 F.3d at 769. We concluded the victim's

> testimony [was] highly probative. The abuse alleged by [the prior victim] was almost identical to the abuse of [the more recent victim] alleged in [the indictment]. Both were young girls of six or seven years at the time of the offenses; both were related to [the defendant]; and the sexual nature of the offenses was similar.

<u>Gabe</u>, 237 F.3d at 959. We went on to examine whether the probative value of the testimony was substantially outweighed by the risk of unfair prejudice to the defendant. We reasoned that the prior "testimony is prejudicial to [the defendant] for the same reason it is probative–it tends to prove his propensity to molest young children in his family when presented with an opportunity to do so undetected." <u>Id.</u> at 960. Moreover, we noted that "[b]ecause the evidence [of prior abuse] was so similar to [one of] the acts charged, it would not be so facially inflammatory as to unduly divert attention from the issues of the case." <u>Id.</u>; <u>United States v. Butler</u>, 56 F.3d 941, 944 (8th Cir. 1995).

This case is similar to <u>Gabe</u>. The testimony of the prior victim revealed a pattern of abuse quite similar to the abuse alleged in the indictment. Although we recognize the district court's concern that the jury could impermissibly punish Holy

Bull for his prior conduct, this risk is apparently one Congress considered when it adopted Rules 413 and 414. We therefore cannot say the district court abused its discretion in admitting the evidence.

## III

Next, Holy Bull argues that the evidence presented at trial was insufficient to prove beyond a reasonable doubt that he committed sexual abuse of a minor "knowingly," as required by statute. Rather, Holy Bull contends that he was asleep when the abuse occurred.

This court reviews de novo challenges to the sufficiency of the evidence presented at trial. United States v. Ironi, 525 F.3d 683, 689-90 (8th Cir. 2008). In conducting this review, this court considers the evidence in the light most favorable to the jury's verdict and draws all reasonable inferences in the government's favor. United States v. McAtee, 481 F.3d 1099, 1104 (8th Cir. 2007). We do not weigh the evidence or assess the credibility of witnesses, and will reverse a conviction only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt. United States v. Santana, 524 F.3d 851, 853 (8th Cir. 2008).

The crime of sexual abuse of a minor provides, in relevant part, that "[w]hoever, in the . . . territorial jurisdiction of the United States . . . knowingly engages in a sexual act with another person who . . . has attained the age of 12 years but has not attained the age of 16 years; and is at least four years younger than the person so engaging" shall be imprisoned for not more than fifteen years. 18 U.S.C. § 2243(a). An act is done knowingly if "the defendant is aware of the act and does not act [or fail to act] through ignorance, mistake, or accident." United States v. Dockter, 58 F.3d 1284, 1288 (8th Cir. 1995) (citations omitted).

We conclude the evidence was sufficient to prove Holy Bull knowingly engaged in sexual abuse of B.B. Although the jury could have concluded Holy Bull was asleep when the abuse occurred, the possibility Holy Bull was asleep does not create a reasonable doubt about his guilt in this case. B.B. complained of abuse on two consecutive nights. The abuse included at least three discrete inappropriate acts: fondling the vaginal area and kissing on the first night, and fondling the buttocks on the second night. The succession of acts itself–normally done with purpose and not through ignorance, mistake, or accident–convinces us a reasonable jury could find, beyond a reasonable doubt, that Holy Bull acted with knowledge of his actions.

IV

Finally, Holy Bull argues the sentence of 87 months' imprisonment imposed by the district court was substantively unreasonable. When this court reviews the imposition of sentences, whether inside or outside the Guidelines range, it applies "a deferential abuse-of-discretion standard." United States v. Hayes, 518 F.3d 989, 995 (8th Cir. 2008) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)). A district court abuses its discretion when it (1) "fails to consider a relevant factor that should have received significant weight"; (2) "gives significant weight to an improper or irrelevant factor"; or (3) "considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Kane, 552 F.3d 748, 752 (8th Cir. 2009) (internal quotations and citation omitted). In conducting this review, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. If the defendant's sentence is within the Guidelines range, then this court "may, but is not required to, apply a presumption of reasonableness." Id. Just because this court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Id. at 597.

Holy Bull contends the district court erred by failing to adequately consider two factors weighing in favor of a lighter sentence: his poor health and his history as a victim of sexual abuse. Our review of the transcript of the sentencing hearing reveals the district court considered both issues. The court noted "there is no doubt the defendant has substantial medical problems," and specifically sentenced Holy Bull to the low end of the Guidelines range "based upon the fact of his health problems." The record similarly shows that the district court considered Holy Bull's experiences as a victim of sexual abuse. According to the district court: "There is no doubt that someone who has been sexually abused themselves is very likely to be a perpetrator," and "that's exactly what happened here with Mr. Holy Bull. He was sexually abused by his cousins, and then–God help us–by the nuns . . . ." Thus, the district court clearly included Holy Bull's history of sexual abuse in its analysis.

We conclude the district court did not abuse its discretion in imposing an 87-month sentence.

V

We affirm.

_____