# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1948

_____

United States of America,         *
                                     *

        Appellee,       *

                                     *   Appeal from the United States
     v.                   *   District Court for the
                                     *   Western District of Missouri.

George D. Gordon, Jr., also known as   *
George D. Gordon,               *   [UNPUBLISHED]
                                     *

        Appellant.      *

_____

Submitted: November 19, 2010
Filed: November 24, 2010

_____

Before WOLLMAN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

George D. Gordon, Jr., pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced by the district court[1] to 90 months' imprisonment. He appeals his sentence claiming it was unreasonable based on the parsimony principle and the sentencing factors under 18 U.S.C. § 3553(a). We affirm.

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

Pursuant to the United States Sentencing Guidelines Manual, Gordon's recommended sentencing range was 41 to 51 months. At the sentencing hearing, Gordon did not object to the sentencing range, but requested a downward variance because the majority of his criminal history consists of traffic-related convictions, he financially cares for his two minor children, and he maintains fairly consistent employment. The district court declined Gordon's request. After considering the § 3553(a) factors, the district court determined a sentence of 90 months was appropriate.

We consider the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. United States v. Jones, 612 F.3d 1040, 1045-46 (8th Cir. 2010). "A district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" United States v. Holy Bull, 613 F.3d 871, 874 (8th Cir. 2010) (quoting United States v. Kane, 552 F.3d 748, 752 (8th Cir. 2009)). "The district court's responsibility is not to impose a 'reasonable' sentence, but [rather] a sentence that is sufficient, but not greater than necessary, to comply with the sentencing goals set forth in the § 3553(a) factors." United States v. Bravo, — F.3d —, 2010 WL 4157182, at *2 (8th Cir. 2010) (per curiam).

Upon a thorough review of the record, we are satisfied the district court considered and gave appropriate weight to the relevant § 3553(a) factors and imposed a sentence which was sufficient, but not greater than necessary, to comply with the sentencing goals. The court discussed the nature of the violation, the characteristics of the defendant, and the sentencing objectives required under § 3553(a). Specifically, the district court noted Gordon's criminal history included twenty traffic-related misdemeanor offenses, thirty-seven other misdemeanor offenses, thirty-eight "other arrests for which there [was] no disposition," and nine felony convictions. See United

States v. Maurstad, 454 F.3d 787, 789-90 (8th Cir. 2006) (affirming a substantial upward variance based on extensive criminal history); see also United States v. Gray, 377 F. App'x 588, 589-90 (8th Cir. 2010) (unpublished per curiam) (holding defendant's extensive criminal history and inability to discontinue criminal activity provided a reasonable basis for the district court to vary upward from the Guidelines range). The district court, focusing on adequate deterrence and protecting the public, concluded Gordon has "absolutely no respect for the law, . . . no ability or intent . . . to conform [his] conduct to be a law-abiding citizen," and therefore is not "capable of living in a free society." The district court's decision to vary upward from the Sentencing Guidelines was not an abuse of discretion.

Accordingly, we affirm Gordon's sentence.

_____