# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-3579

_____

United States of America

*Plaintiff - Appellee*

v.

Marcos Davila

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota

_____

Submitted: May 17, 2013
Filed: July 2, 2013
[Unpublished]

_____

Before WOLLMAN, MURPHY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Marcos Davila was convicted of two counts of abusive sexual contact in violation of 18 U.S.C. §§ 1152, 2244(a)(3), 2244(a)(5), and 2246(3). The district

court[1] sentenced him to 135 months' imprisonment on count one and 24 months' imprisonment on count two, to run concurrently. We affirm the convictions and the sentence.

## I. Background

A grand jury indicted Davila for the sexual abuse of his two minor nieces, T.O. and S.M. The district court denied Davila's request that the counts be severed. The jury convicted Davila on both counts. Davila's presentence report recommended a two-level enhancement under United States Sentencing Guidelines (Guidelines) § 2A3.4(b)(3) for having custody, care, or supervisory control over T.O. and S.M. Over Davila's objection, the district court applied the enhancement and imposed the earlier-described sentence. Davila appeals, arguing that the evidence presented was insufficient to support the verdict and that the district court erred in denying his motion to sever and in imposing the enhancement.

## II. Discussion

A.    Sufficiency of the Evidence

Davila argues that the evidence at trial was insufficient to convict him either of abusive sexual contact of T.O. as charged in count one, or of abusive sexual contact of S.M. as charged in count two. "In reviewing for sufficiency of the evidence, we view the evidence in the light most favorable to the verdict, and we will 'overturn a conviction only if no reasonable jury could have concluded that the defendant was guilty beyond a reasonable doubt on each essential element of the

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

charge.'" United States v. Kenyon, 397 F.3d 1071, 1076 (8th Cir. 2005) (quoting United States v. Miller, 293 F.3d 468, 470 (8th Cir. 2002)).

1.     Count One

Davila argues that the government failed to prove that he had committed the abusive sexual contact of T.O. See United States v. DeCoteau, 630 F.3d 1091, 1094 n.3 (8th Cir. 2011) (listing elements of abusive sexual contact). The "sexual contact" contemplated by 18 U.S.C. § 2244 means "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person[.]" 18 U.S.C. § 2246(3).

T.O. testified that in July 2011, when she was eleven years old, she fell asleep on a couch in Davila's living room while wearing shorts and a shirt. She awoke to find Davila rubbing the bare skin of her upper inner thigh. Davila told her that he was trying to awaken her because she was talking in her sleep. He then turned off the monitor on a nearby computer and left the room. T.O. testified that she had seen a suggestive image on the computer before Davila turned it off. She also testified that she had never asked Davila to rub her leg and that she was frightened when she awoke while he was doing so. The jury also heard testimony from Cari Lake, who had conducted a forensic interview of T.O. Lake testified that during the interview she had pointed to the inner thigh of an anatomically correct drawing of a child and asked T.O. if that was where Davila had touched her. T.O. responded that it was.

Davila argues that this evidence was insufficient because there were inconsistencies between T.O.'s statements during the forensic interview and her testimony at trial and because there was no evidence that he had had the requisite intent to commit abusive sexual contact. Davila's concern with the alleged inconsistencies in T.O.'s testimony is essentially a challenge to her credibility, which

-3-

Davila's counsel had an opportunity to challenge at trial. Credibility determinations are the province of the jury, and the jury was free to weigh T.O.'s testimony against her statements in the forensic interview. See United States v. Lohnes, 554 F.3d 1166, 1169 (8th Cir. 2009) ("Even inconsistent testimony as to whether the abuse occurred may constitute sufficient evidence, because it is for the jury to resolve conflicting evidence and make credibility determinations, determinations that are virtually unreviewable on appeal." (internal quotation marks and citations omitted)). Davila's intent argument fares no better. The jury considered the evidence that Davila reached his hand between the legs of his sleeping eleven-year-old niece and rubbed her bare upper inner thigh while a suggestive image was displayed on his computer. Given the multitude of awakening techniques that do not require rubbing the bare skin of a child's upper inner thigh, the jury was free to reject Davila's statement that he was simply trying to awaken T.O. Taking the evidence in the light most favorable to the verdict, a reasonable jury could find that Davila had the requisite intent to commit abusive sexual contact. See United States v. Lee, 232 F.3d 653, 655 (8th Cir. 2000) ("The absence of [evidence that the defendant had the requisite intent to commit abusive sexual contact] is no defect in the government's case where the contact alleged is so clearly sexual that the jury may infer the defendant's intent.").

2.     Count Two

Count two of the indictment charges Davila with engaging in the abusive sexual contact of S.M. "[o]n or about between August 2002 and June 2003[.]" Davila argues that the government failed to prove that he sexually abused S.M. within the time frame alleged in the indictment. Specifically, he contends that the evidence showed that the abuse could only have taken place in February or March of 2003 and that he was not within the state during these months. The record belies this argument. On direct examination, S.M. testified that sometime during the winter when she was thirteen years old and in the eighth grade she fell asleep while babysitting at Davila's home and awoke to find him rubbing her vagina over her underwear. S.M. reiterated

-4-

this testimony at the beginning of her cross examination, stating that the abuse took place in the winter of 2003 but that she did not "know which exact month." Towards the end of her cross examination, after Davila's attorney had asked her about other issues and S.M. had again stated that the abuse took place in the winter of 2003, Davila's attorney stated: "And just so we're clear, you think it was probably not January but you think February or March of 2003?" Although S.M.'s testimony up to that point was devoid of any statement that the abuse did not occur in January, she responded affirmatively. To the extent that S.M.'s response to this question is inconsistent with her earlier testimony, S.M.'s earlier testimony is nevertheless sufficient to support the jury's finding that Davila abused S.M. during the time frame alleged in the indictment. See Lohnes, 554 F.3d at 1169.

B.      Joinder and Denial of Motion to Sever

Rule 8(a) of the Federal Rules of Criminal Procedure allows a single indictment to charge a defendant with multiple offenses if "the offenses charged . . . are of the same or similar character[.]" We construe this rule broadly in favor of joinder to promote judicial efficiency. See United States v. Taken Alive, 513 F.3d 899, 902 (8th Cir. 2008). Davila argues that the district court should have severed the counts because the offenses described therein occurred almost nine years apart. As we explained in United States v. Rodgers, 732 F.2d 625, 629 (8th Cir. 1984), however, the time period between offenses is not considered in isolation. Instead, it must be considered in relation to the similarity of the offenses and the possibility of evidentiary overlap.

Counts one and two are of the same character, and evidence of each offense would be admissible to prove the other offense. In sexual assault and child molestation cases, evidence that the defendant committed a similar offense "may be considered on any matter to which it is relevant[,]" Fed. R. Evid. 413(a); 414(a), including the defendant's propensity to commit such offenses. United States v. Holy

Bull, 613 F.3d 871, 873 (8th Cir. 2010).  "If relevant, such evidence is admissible unless its probative value is 'substantially outweighed' by one or more of the factors enumerated in Rule 403[.]"  Id. (quoting United States v. LeCompte, 131 F.3d 767, 769 (8th Cir. 1997)).  Given the similarity of the victims' ages, their relationship to Davila, and the circumstances of the sexual assaults, the evidence of each assault would be admissible in a trial concerning the other.  See United States v. Gabe, 237 F.3d 954, 959-60 (8th Cir. 2001) (Rule 414 witness's testimony describing sexual abuse very similar to the abuse alleged in the indictment was probative of defendant's propensity to molest children in his family and was not unfairly prejudicial).  Accordingly, the time period between counts one and two did not render joinder thereof improper.

Davila's argument that counts one and two should have been severed because of the danger of undue prejudice likewise fails.  "When a defendant is prejudiced by the joinder of two charges, the court may in the exercise of its sound discretion sever the charges and require separate trials."  United States v. Tyndall, 263 F.3d 848, 850 (8th Cir. 2001); see also Fed. R. Crim. P. 14.  When, as here, evidence of one offense would be admissible in the trial for another offense, there is no prejudice in trying the two offenses together.  Taken Alive, 513 F.3d at 903.  Accordingly, the district court did not abuse its discretion by refusing to sever the charges.

C.    Sentencing Enhancement

Guidelines § 2A3.4(b)(3) provides for a two-level enhancement if "the victim was in the custody, care, or supervisory control of the defendant[.]"  Application Note 4 to § 2A3.4 states that "[s]ubsection (b)(3) is intended to have broad application and is to be applied whenever the victim is entrusted to the defendant, whether temporarily or permanently."  The district court's determination that Davila had custody and control over T.O. and S.M. is a factual finding that we review for clear error.  United States v. Kenyon, 481 F.3d 1054, 1072 (8th Cir. 2007).

Davila argues that the enhancement should not apply because it was his wife, and not he, who made the arrangements for T.O. and S.M. to stay at the home the two shared. The fact that Davila was not primarily responsible for arranging his nieces' visits to his home does not preclude the application of § 2A3.4(b)(3). Davila and his wife had been married for twenty-two years, and they shared their home with their three children. Davila's wife and daughter testified that they considered T.O. and S.M. as part of their family. Moreover, T.O. and S.M. were frequent guests at the home, and they trusted Davila enough to fall asleep there. In light of this evidence, we find no clear error in the district court's finding that T.O. and S.M. were under Davila's custody and care.

## III. Conclusion

The convictions and sentence are affirmed.

_____