# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1001

_____

United States of America

*Plaintiff - Appellee*

v.

Shantae Daanee Salther

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: January 17, 2020
Filed: April 2, 2020

_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.

_____

BENTON, Circuit Judge.

A jury convicted Shantae Daanee Salther of making false statements to obtain Social Security benefits, in violation of 18 U.S.C. § 1001(a)(2). Salther appeals the conviction. Having jurisdiction under 18 U.S.C. § 1291, this court affirms.[1]

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

Salther applied for Social Security benefits in July 2016, claiming she was disabled since July 2014. In her "Adult Function Form," she wrote that she could not drive or leave her house alone due to her disability. She stated that she was unable to "live, work, drive, listen to music." Asked if she could leave her house alone, she checked "no." She also reported she had difficulty performing daily tasks, such as socializing, cooking, and cleaning.

It is a crime to "knowingly and willfully . . . make[] any materially false, fictitious, or fraudulent statement or representation" in "any matter within the jurisdiction of the . . . Government of the United States." **18 U.S.C. § 1001(a)(2)**. "To establish a violation of 18 U.S.C. § 1001, the Government must prove that: (1) the defendant made a statement; (2) the statement was false, fictitious or fraudulent as the defendant knew; (3) the defendant made the statement knowingly and willfully; (4) the statement was within the jurisdiction of a federal agency; and (5) the statement was material." *United States v. Rice*, 449 F.3d 887, 892 (8th Cir. 2006). Salther concedes the evidence satisfies the first, fourth, and fifth elements, but argues it was insufficient as to the second and third.

This court reviews the sufficiency of the evidence de novo, viewing all evidence in "the light most favorable to the government" and "accepting reasonable inferences in favor of the jury's verdict." *United States v. Melton*, 870 F.3d 830, 841-42 (8th Cir. 2017). This court reverses if "no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Stacks*, 821 F.3d 1038, 1043 (8th Cir. 2016).

I.

Salther contests the second element, whether her statements were "false, fictitious or fraudulent." *Rice*, 449 F.3d at 892. A statement is "false if it contains

factual misrepresentations." ***Stacks***, 821 F.3d at 1043 (internal quotation marks omitted). A rational jury could conclude that Salther's statements were false.

First, she drove and shopped alone after applying for Social Security benefits. The jury saw photos of Salther buying groceries alone at a gas station in early 2017. The jury also saw a video of her driving to Walmart and shopping with her son a few weeks later. The photos and video demonstrate that Salther was able to drive, conduct financial transactions, and go to public places.

Second, Salther traveled, frequently leaving her home for social events while allegedly disabled. Her social-media posts and airline records indicate she took multiple trips from May 2016 to early February 2017. For example, on May 4, 2016, she posted on Facebook: "About to get in this [plane] they done woke up a sleeping Taurus turn up!" A day later, she posted a photo on Facebook, saying, "I'm about to kick it hard in Vegas not ready!" In October 2016, a friend posted a Facebook photo of Salther, with the caption: "Kicking it in Las Vegas." Salther also posted from a clothing store in Las Vegas on February 8: "Doing what I do best . . . Shopping." While this final post omits the year, she traveled to Las Vegas in February 2017 and made purchases.

Third, Salther worked after she alleges she became disabled. She worked as a daycare provider from August to December 2015, as a phlebotomist from September to October 2015, and in data entry from January to June 2016 (fielding telephone calls and logging information on 600 veterans). Her daycare and data-entry supervisors testified she did not report any disabilities, and they did not notice that she was impaired.

Finally, examining psychologists testified her condition was better than she claimed. Dr. Lori O'Dell McCollum, who oversaw Salther's examinations in November 2016 and January 2017, initially reported that Salther was impaired based

on her poor memory test results. But reviewing the findings from Social Security investigators, Dr. McCollum reached a different conclusion, determining that Salther's activities and behavior were "very inconsistent" with her statements at the medical examination and on the Adult Function Form. Dr. McCollum testified that someone with Salther's alleged capacity could not work, travel, drive, or frequently leave her house. A psychologist employed by Social Security Disability Services affirmed Dr. McCollum's testimony that there were inconsistencies between the function form and the findings of the Social Security investigators, concluding that Salther was not disabled.

A rational jury could conclude from all the evidence that Salther's statements were false, fictitious, or fraudulent.

## II.

Salther contests the third element, whether she made the statements "knowingly and willfully." *Rice*, 449 F.3d at 892. To act "knowingly," she must be "aware of the act and . . . not act through ignorance, mistake, or accident." *United States v. Holy Bull*, 613 F.3d 871, 874 (8th Cir. 2010); *see United States v. Benitez*, 531 F.3d 711, 716 (8th Cir. 2008) (knowledge can be shown by circumstantial evidence). To act "willfully," she must have "knowledge that [her] conduct was unlawful." *Bryan v. United States*, 524 U.S. 184, 193 (1998).

Based on these definitions, a rational jury could find the evidence was sufficient to show that Salther made the statements knowingly and willfully. Although her son assisted with her application, she provided the answers. She also helped her mother complete a third-party form. She then concealed her work history, travel, and activities from psychologists in Dr. McCollum's office and Social Security investigators. Contrary to what she told them, she drove, shopped, and took vacations both before and after she completed her Adult Function Form. When investigators

-4-

asked if she had recently traveled, for example, she first said she had not left Iowa, although she had vacationed to Las Vegas that month. She later revealed her trip only after investigators persisted.

There was sufficient evidence for a rational jury to find that she knowingly and willfully made false, fictitious or fraudulent statements.

\* \* \* \* \* \*

The judgment is affirmed.

_____