**UNITED STATES of America, Appellee,**

v.

**Jesse SMITH, Appellant.**

No. 91–3591.

United States Court of Appeals, Eighth Circuit.

Submitted June 9, 1992.

Decided Aug. 14, 1992.

David W. Harlan, St. Louis, Mo., argued (David W. Harlan and Tod J. O'Donoghue, on the brief), for appellant.

Mary Jane Lyle, St. Louis, Mo., argued (Stephen B. Higgins, and Daniel M. Berger, on the brief), for appellee.

Before JOHN R. GIBSON, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.

HEANEY, Senior Circuit Judge.

Jesse Smith pled guilty to a charge of attempting to possess heroin with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court sentenced him to fifty-one months imprisonment followed by a three-year term of supervised release. Smith now argues that the district court improperly imposed a special condition on his release. We agree, and remand this case for resentencing with respect to the special condition.

The presentence investigation report indicates that Smith may have had as many as three children at the time of sentencing and was perhaps expecting two more.[1] Each child has a different mother. In addition to the standard conditions of supervised release, which required Smith to support all of his children, the district court directed that "during his period of supervised release, defendant shall not cause [the] conception of another child other than to his wife, unless he can demonstrate he is fully providing support to the three children presently in existence, and the two en ventre sa mere." At the sentencing hearing the district court stated that:

> The court gets concerned whether we're running a revolving door—we start out a bunch of people with no opportunities. I mean, unless [these children] are ade-

quately supported and sustained, we can't expect them to start out like the Rockefeller children. And if [they] wind up in crime, we shouldn't be too shocked that we didn't give them a good start.

On appeal, Smith attacks this special condition of his sentence as beyond the authority of the district court.

The Federal Probation Act, 18 U.S.C. § 3651 et seq. (1992), gives federal trial judges "broad discretion" to determine defendants' probation conditions. Nevertheless, when making these determinations, judges must follow the standards set forth in 18 U.S.C. § 3563(b) (1992). This statute states:

> The court may provide, as further conditions of a sentence of probation, to the extent that such conditions are reasonably related to the factors set forth in section 3553(a)(1) and (a)(2) and to the extent that such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 3553(a)(2), that the defendant—(1) support his dependents and meet other family responsibilities; ....[2]

The test for determining the validity of a special probation condition is "whether it fosters rehabilitation of the defendant and protection of the public." *United States v. Schoenrock* 868 F.2d 289, 291 (8th Cir. 1989) (quoting *United States v. Terrigno*, 838 F.2d 371, 374 (9th Cir.1988)). "[C]onditions that restrict a probationer's freedom must be especially fine-tuned." *United States v. Tolla*, 781 F.2d 29, 34 (2nd Cir. 1986).

1. In the presentence investigation report, the parole officer verified only one of the five pregnancies which Smith allegedly caused. Two of the mothers deny that Smith is their child's father.

2. 18 U.S.C. § 3553(a) provides:

(a) Factors to be considered in imposing a sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; ....

The special condition the district court imposed does not meet the standards set forth in sections 3553 and 3563. Section 3563 requires conditions of probation to be "reasonably related to the factors set forth in section 3553(a)(1) and (a)(2)...." Each of these factors relates directly to the crime of conviction. In contrast, the number of children that Smith has fathered is in no way related to "the nature and circumstances of" Smith's drug offense. There is no reason to believe that restricting Smith from fathering more children will deter Smith from future criminal conduct, protect the public, or assist in Smith's rehabilitation. Furthermore, the "right to have offspring" is a "sensitive and important area of human rights." *See Skinner v. Oklahoma*, 316 U.S. 535, 536, 62 S.Ct. 1110, 1111, 86 L.Ed. 1655 (1942). There are other, more "fine-tuned" conditions of probation that would provide just punishment, better reflect the seriousness of Smith's drug offense, and more effectively promote respect for the law without infringing on this basic right.

Moreover, the condition is unworkable. Short of having a probation officer follow Smith twenty-four hours a day, there is no way to prevent Smith from fathering more children. If Smith were to violate this condition of his probation, he may well be returned to prison, leaving him no way to provide for his dependents. This certainly would not serve the district court's goal of "adequately support[ing] and sustain[ing]" Smith's children.

We appreciate the district court's concern for the well-being of Smith's children. There can be no question that childhood poverty is a disturbingly widespread problem in this country. In 1987, 48.1% of black children under six lived below the poverty line. In black families with only one parent, 87.5% of children under six lived below the poverty line. National Center for Children in Poverty, *Five Million Children: A Statistical Profile of Our Poorest Young Citizens*, Data Sourcebook at 17 (1990). It is beyond the authority of the district court in this case, however, to order Smith not to father any more children. Fortunately, section 3563(b) provides

the court with other, more appropriate means of assisting Smith's children; the court may, among other things, require Smith to "support his dependents and meet other family responsibilities," and "work conscientiously at suitable employment or pursue conscientiously a course of study or vocational training that will equip him for suitable employment." 18 U.S.C. § 3563(b)(1) and (b)(5). Upon Smith's release from prison, his probation officer will need to determine to whom and in what amount Smith must make support payments. A probation condition that requires Smith to find gainful employment and support his children is well within the district court's authority and, we believe, is more likely to produce the results that the district court intended.

We reverse and remand to the district court for resentencing consistent with this opinion.