# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 07-1505

_____

United States of America,    *
                             *
          Appellee,    *
                             *    Appeal from the United States
    v.                      *    District Court for the
                             *    District of Minnesota.
Francisco Jorge-Salgado,     *
                             *
          Appellant.   *


_____

Submitted: January 15, 2008
Filed: April 2, 2008

_____

Before BYE, BEAM and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Francisco Jorge-Salgado pled guilty to charges of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court[1] sentenced him to 120 months' imprisonment and five years' supervised release. As a condition of his supervised release, the district court also ordered Jorge-Salgado to register as a sex offender based on his previous conviction

---

[1]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota.

of criminal sexual conduct. Jorge-Salgado appeals this condition claiming that the Sex Offender Registration and Notification Act ("SORNA"), Pub. L. No. 109-248, §§ 101-155, 120 Stat. 587, 590-611 (2006) (codified as 42 U.S.C. §§ 16901-16962), did not apply at the time of his sentencing. We affirm.

## I.    BACKGROUND

Jorge-Salgado spent a significant portion of his youth in multiple juvenile detention centers because Minnesota adjudicated him a juvenile delinquent. At one such center, Jorge-Salgado, at the age of fifteen, forcibly sodomized a fellow juvenile. Based on this incident, he was adjudicated delinquent for criminal sexual conduct in the third degree in 1993. Consequently, Minnesota law required him to register as a predatory sex offender through December 28, 2003.

Jorge-Salgado continued his criminal activities after he reached the age of majority. In 2005, he was convicted of a felony domestic assault, which required him to re-register as a predatory sex offender. On May 16, 2006, a federal grand jury returned a 56-count superseding indictment against Jorge-Salgado and twenty-six other individuals for conspiracy to distribute and possess with intent to distribute various controlled substances between January 1, 2000 and March 7, 2006. The indictment also charged Jorge-Salgado with possession with intent to distribute 50 grams of methamphetamine, possession of a firearm during a drug trafficking crime and possession of a firearm by a felon.

On June 29, 2006, Jorge-Salgado pled guilty to the offenses of possession with intent to distribute methamphetamine and possession of a firearm by a felon. The presentence investigation report ("PSR") determined a total offense level of 25, a criminal history category of VI and an advisory sentencing guidelines range of 110 to 137 months. It also indicated that Jorge-Salgado may be required to register as a sex offender. PSR ¶ 37. Neither party objected to the PSR.

At sentencing, the district court granted a United States Sentencing Guidelines § 4A1.3 downward departure and reduced Jorge-Salgado's criminal history category from VI to V, resulting in an advisory guidelines range of 100 to 125 months. The district court then sentenced Jorge-Salgado to 120 months' imprisonment and five years' supervised release. As a condition of his supervised release, the district court ordered Jorge-Salgado to register as a sex offender based on his prior conviction for criminal sexual conduct. Jorge-Salgado objected to this condition. The district court responded, "I want to make sure this is correct, but if it's required by law I will require it, if it's not required, I won't." In the judgment filed the next day, the district court required as a condition of supervised release that Jorge-Salgado "register with the state sex offender registration agency in the state where the defendant resides, works, or is a student as directed by the probation officer." Jorge-Salgado filed a timely notice of appeal.

## II.    DISCUSSION

"We review the district court's imposition of the terms and conditions of supervised release for an abuse of discretion." *United States v. Boston*, 494 F.3d 660, 667 (8th Cir. 2007). We recognize that the district court is afforded wide discretion in imposing supervised release conditions. *Id.*

The district court must impose certain conditions that are mandated by federal law and may impose other discretionary conditions to the extent they meet certain statutory requirements. *See* 18 U.S.C. § 3583(d); *Boston*, 494 F.3d at 667. Jorge-Salgado argues that the district court abused its discretion by requiring him to register as a sex offender as a condition of supervised release because the condition is not reasonably related to the offenses of conviction. *See United States v. Scott*, 270 F.3d 632, 636 (8th Cir. 2001) (holding that the district court abused its discretion in imposing conditions of supervised release that were tailored for a prior sex offense conviction because the conditions were not reasonably related to the current offense

of armed bank robbery). He then argues that registration as a sex offender was not a mandatory condition under federal law because SORNA was not determined to be retroactively applicable until after he was sentenced. Congress enacted SORNA on July 27, 2006. It provides that "[t]he court shall order, as an explicit condition of supervised release for a person required to register under the Sex Offender Registration and Notification Act, that the person comply with the requirements of that Act." Pub. L. No. 109-248, § 141(e) (codified as amended at 18 U.S.C. § 3583(d)). Congress envisioned that this requirement could apply retroactively: "The Attorney General shall have the authority to specify the applicability of the requirements of [SORNA] to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders . . . ." 42 U.S.C. § 16913(d). On February 28, 2007, the Attorney General issued a regulation that required SORNA to "apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act." 28 C.F.R. 72.3 (2007). Jorge-Salgado asserts that the retroactive application of SORNA's sex offender registration requirement was not a condition mandated by federal law until February 28, 2007. Because Jorge-Salgado was sentenced on February 15, 2007, before the Attorney General issued the regulation, he claims that the district court had no authority to apply SORNA's registration requirement retroactively to him.

Federal law requires the district court to "order, as an explicit condition of supervised release, that the defendant not commit another Federal, State, or local crime during the term of supervision . . . ." 18 U.S.C. § 3583(d). Jorge-Salgado's failure to register as a sex offender would have violated this mandatory condition of supervised release because he would have committed a state crime under Minnesota law if he did not re-register as a sex offender based on the present convictions. *See* Minn. Stat. § 243.166, subd. 5(a) (establishing criminal penalties for knowingly violating registration requirements). Under state law, his 1993 forced sodomy conviction required Jorge-Salgado to register as a predatory sex offender through

December 28, 2003. *Id.* at subd. 6(a) (requiring ten years of registration). In 2005, Minnesota law required Jorge-Salgado to re-register for ten years as a result of his felony domestic assault conviction. *See* PSR ¶ 44; Minn. Stat. § 243.167 (requiring individuals who have completed the registration requirements to re-register for violations of Minn. Stat. § 609.2242, subd. 4 (felony domestic assault)); Minn. Stat. § 243.166, subd. 6(a) (requiring ten years of registration). State law further provides: "If a person required to register under this section is subsequently incarcerated following a conviction for a new offense[,] . . . the person shall continue to register until ten years have elapsed since the person was last released from incarceration or until the person's . . . supervised release . . . period expires, whichever occurs later." Minn. Stat. § 243.166, subd. 6(c). As a result of his convictions and incarceration in this case, Minnesota law requires Jorge-Salgado to register as a sex offender and remain registered for ten years after his supervised release period expires. Because Jorge-Salgado's failure to register would constitute a state crime under Minnesota law, the sex offender registration condition imposed by the district court was simply a more specific pronouncement of the mandatory condition that he not commit a state crime during his term of supervised release. Therefore, the district court did not abuse its discretion in requiring Jorge-Salgado to register as a sex offender as a condition of supervised release. *See United States v. Talbert*, 501 F.3d 449, 452 (5th Cir. 2007) ("[I]t is axiomatic that a district court can include as a condition that the defendant obey the law.").

Jorge-Salgado also argues that Federal Rule of Criminal Procedure 32(h) requires the district court to give advance notice of its intent to impose sex offender registration as a condition of supervised release. *See United States v. Atencio*, 476 F.3d 1099, 1108 (10th Cir. 2007) (citing *United States v. Bartsma*, 198 F.3d 1191, 1199-1200 (10th Cir. 1999)). Our circuit has not adopted this interpretation of Rule 32(h), and we need not decide whether to do so at this time. Jorge-Salgado had

sufficient notice because paragraph thirty-seven of the PSR, which he received in advance of sentencing, indicated that he may be required to register as a sex offender. We conclude that the PSR provided sufficient notice.

## III.   CONCLUSION

Accordingly, we affirm the district court's decision to require Jorge-Salgado to register as a sex offender as a condition of supervised release.

_____