# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2384/2459

_____

United States of America,          *
                                *

          Appellee,         *

                                *   Appeal from the United States

      v.                 *   District Court for the

                                *   District of South Dakota.

Shannon J'Etta Brave,      *

                                *

          Appellant.      *

_____

Submitted: February 15, 2011
Filed: June 9, 2011

_____

Before LOKEN, MELLOY, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Shannon J'Etta Brave appeals one of the special conditions imposed by the district court as part of her probationary sentence. Brave argues that the written version of Special Condition 7 is invalid to the extent it imposes greater restrictions on her than the oral version pronounced at sentencing and that Special Condition 7 unconstitutionally restricts her parental rights. We vacate the portion of the written Special Condition 7 that does not conform with the oral judgment but otherwise dismiss Brave's appeal.

Brave pled guilty to aiding and abetting the abuse of a minor, in violation of 18 U.S.C. §§ 2(a), 1153(a). As part of her plea agreement, Brave admitted that she had

failed to respond to an incident of sexual abuse involving her partner and one of her children and had allowed all of her underage children to drink and be exposed to drug use. Brave also waived her right to appeal any non-jurisdictional issues other than upward departures and upward variances. Brave's Sentencing Guidelines range was 0 to 6 months, and the district sentenced Brave to 36 months probation. The district court also orally imposed several special conditions, including Special Condition 7. It stated:

> Seven, you shall not reside with any child under the age of 18, that would include your children.
>
> You shall not enter onto the premises, travel past, or loiter near where the victim resides in this case.
>
> You shall have no correspondence, telephone contact, or communication with the victim through a third party unless approved in advance by the probation officer.

After sentencing, the district court filed its written judgment. The written version of Special Condition 7 stated:

> 7. The defendant shall not reside with any child under the age of 18 or contact her children in any manner unless approved in advance and in writing by the probation officer.

Brave argues that the written Special Condition 7 broadens the scope of the oral Special Condition 7 because it prevents Brave from having contact with all of her children, not just the victim. She also asserts that both versions violate her constitutional right to have a relationship with her children.[1]

---

[1]After the district court imposed the written Special Condition 7, Brave moved to correct under Federal Rule of Criminal Procedure 35(a), and the district court denied the motion. Brave raises the same issues in her appeal of the district court's

The parties agree that Brave's appeal waiver does not prevent her from challenging whether the written Special Condition 7 expanded the scope of the oral judgment, United States v. Andis, 333 F.3d 886, 891-92 (8th Cir. 2003) (en banc), and that the written version of Special Condition 7 does not conform with the oral version of Special Condition 7. Because the oral pronouncement by the sentencing court is the judgment of the court, United States v. Tramp, 30 F.3d 1035, 1037 (8th Cir. 1994), the government acknowledges that the portion of the written Special Condition 7 that is broader than the oral version is void, Johnson v. Mabry, 602 F.2d 167, 170 (8th Cir. 1979); see also United States v. Durham, 618 F.3d 921, 934 (8th Cir. 2010). We vacate the phrase "or contact her children in any manner" from the written Special Condition 7 and order the district court to amend the written Special Condition 7 to conform with the oral pronouncement. See Johnson, 602 F.2d at 170; accord United States v. Love, 593 F.3d 1, 9 (D.C. Cir. 2010).

Brave further argues that the oral Special Condition 7 is unconstitutional because it unnecessarily limits her contact with the victim and her ability to reside with her other children. Although we normally examine the conditions of supervised release for abuse of discretion, United States v. Scott, 270 F.3d 632, 635 (8th Cir. 2001), Brave's appeal waiver prevents us from reviewing Special Condition 7 unless the enforcement of it would constitute a miscarriage of justice, United States v. Cervantes, 420 F.3d 792, 795 (8th Cir. 2005). Brave does not claim that Special Condition 7 constitutes a miscarriage of justice because it is based on a constitutionally impermissible factor. Andis, 333 F.3d at 894. Accordingly, we enforce her appeal waiver.

Moreover, were we to consider Brave's appeal, we would reject her argument on the merits. The undisputed facts in the PSR reveal that Brave allowed her minor

imposition of the written Special Condition 7 and her appeal of its denial of her 35(a) motion to correct the judgment. We consolidated the appeals.

children to drink and smoke marijuana and repeatedly ignored evidence that the victim was being sexually abused by Brave's partner. The district court acted well within its discretion in imposing conditions that allow the probation officer to monitor Brave's contact with the victim and her ability to reside with her other children.

We vacate the phrase "or contact her children in any manner" from the written Special Condition 7 and remand to the district court for it to conform the written Special Condition 7 to the oral judgment. Brave's appeal is otherwise barred by her appeal waiver and dismissed.

_____