# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3904

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff-Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Eastern District of Missouri. |
| Paul Jermaine Branch, | * |
| | * [UNPUBLISHED] |
| Defendant-Appellant. | * |
| | * |

_____

Submitted: March 14, 2011
Filed: June 10, 2011

_____

Before LOKEN and COLLOTON, Circuit Judges, and NELSON,* District Judge.

_____

PER CURIAM.

Paul Jermaine Branch pled guilty to a RICO violation under 18 U.S.C. § 1952 for "misusing facilities of interstate commerce to run an illegal business" after having transported a 17-year-old woman across state lines for the express purpose of prostitution. The plea agreement included a broad appeal waiver encompassing "all

---

*The Honorable Susan Richard Nelson, United States District Court for the District of Minnesota, sitting by designation.

sentencing issues" subject, however, to one exception for "the right to appeal any determination as to whether the defendant will be required to register as a sex offender." (Appellee's Br. at 2-3 (quoting Plea Agreement, at 3-4).)

The district court[1] sentenced Branch and imposed special terms of supervised release, including that Branch "comply with all federal, state and local sex offender registration laws and provide verification of registration to the probation officer." (Id. at 3 (quoting Judgment, at 4).) The court clarified that Branch did not have to register if he did not qualify as a sex offender. The terms of supervised release also included numerous other sex offender conditions pertaining to contact with children and access to sexual materials.

On appeal, Branch contends that the district court committed plain error in imposing the conditions of supervised release relating to sex offenses and, in particular, that the condition requiring registration as a sex offender was an abuse of discretion. We affirm.

A defendant who has knowingly and voluntarily entered an appeal waiver, however, may obtain appellate review of only those issues not clearly encompassed by the waiver, unless the waiver would result in a miscarriage of justice. United States v. Andis, 333 F.3d 886, 888-91 (8th Cir. 2003) (en banc) (explaining that miscarriage-of-justice limitation "is a narrow one"). If any of the terms and conditions of supervised release fall outside the reach of the appeal waiver, we review such issues for an abuse of discretion. E.g., United States v. Jorge-Salgado, 520 F.3d 840, 842 (8th Cir. 2008).

---

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

-2-

With respect to the sex-offender registration condition, Branch argues that there is no reasonable relationship between the crime to which he pled guilty and a sexual misconduct offense that would require registration as a sex offender. The broad waiver was subject to an exception for "any determinations as to whether the defendant shall be required to register as a sex offender." Because Branch was required to so register only if obligated to do so under federal, state or local law, we understand that exception to cover only the issue of whether a particular federal, state or local law would in fact require registration. But that issue is not now before the court. Rather, only the antecedent issue of whether the condition itself is valid, not whether it has been triggered by a particular law, is presently before the court.

But even if the condition would fall within the scope of the exception so as to be reviewable on appeal, we would affirm that portion of the sentence because imposition of that particular condition is not an abuse of discretion. United States v. Talbert, 501 F.3d 449, 452 (5ᵗʰ Cir. 2007) (upholding condition that defendant, who had been convicted for being a felon in possession of a firearm, "'shall register as a sex offender under state law if required to do so,'" which required "only that [he] register . . . if such state law requires"). By statute, "[f]ederal law requires the district court to 'order, as an explicit condition of supervised release, that the defendant not commit another Federal, State, or local crime during the term of supervision.'" Jorge-Salgado, 520 F.3d at 843 (noting that it "'is axiomatic that a district court can include as a condition that the defendant obey the law'" (quoting Talbert, 501 F.3d at 452)). In Jorge-Salgado, we thus affirmed the sex offender registration condition, where the defendant pled guilty to a drug charge and for being a felon in possession of a firearm, and had a prior conviction under state law for forcible sodomy of a juvenile, and state law required that he register as a sex offender. Id. at 842-44. Accordingly, imposition of the condition at issue here, which simply requires compliance with the law, is not an abuse of discretion.

Branch also argues that the imposition of the other sex-offender conditions constitutes plain error because, while he did not object to them, they constitute an undue deprivation of fundamental rights. But the appeal waiver was broad–"all sentencing issues"–and the sole exception does not apply to these other conditions. Branch does not allege any miscarriage of justice so as to evade the reach of the waiver. Thus, he may not obtain appellate review of these conditions.

In any event, we would affirm that part of the sentence because the other conditions are sufficiently related to the crime to which he pled guilty. Branch relies largely on United States v. Scott, 270 F.3d 632 (8th Cir. 2001). In Scott, however, we rejected similar conditions where the defendant was convicted only of armed bank robbery, a prior sex offense from 1986 was too remote from the 2001 imposition of the sex-offender conditions at issue, and there was no evidence of any propensity for future sexual misconduct. Id. at 636. Here, in contrast, although Branch pled guilty only to a RICO violation for misusing facilities of interstate commerce to run an illegal business, that business pertained to the prostitution of a minor. Thus the conditions are not unrelated to his offense.

Accordingly, we affirm.

_____