# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2269

_____

United States of America,

*Plaintiff - Appellee,*

v.

Christopher J. Harris,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: January 13, 2015
Filed: July 21, 2015

_____

Before RILEY, Chief Judge, COLLOTON and KELLY, Circuit Judges.

_____

COLLOTON, Circuit Judge.

After Christopher J. Harris sold cocaine to an undercover officer at his residence, police obtained a search warrant and discovered cocaine and several firearms on July 17, 2013. Harris eventually pleaded guilty to unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g).

At sentencing, the district court determined that Harris was an armed career criminal under 18 U.S.C. § 924(e), and sentenced him to the statutory minimum of 180 months' imprisonment. The court, on its own initiative, also imposed a novel special condition of supervised release that "there be no unprotected sex activities without probation office approval during the period of supervised release." In a later written order and judgment, the court attempted to modify the special condition to say that Harris "shall use contraceptives before engaging in sexual activity that may otherwise cause pregnancy unless such use would violate his religious scruples or is expressly rejected by his sexual partner." On appeal, Harris challenges both the armed career criminal determination and the special condition.

I.

We consider first the term of imprisonment. The Armed Career Criminal Act provides for a minimum term of fifteen years' imprisonment for a felon in possession of a firearm, if the defendant has three previous convictions for a "violent felony" or a "serious drug offense," committed on occasions different from one another. 18 U.S.C. § 924(e)(1). Otherwise, the statutory maximum punishment for Harris's offense is ten years' imprisonment. 18 U.S.C. § 924(a)(2). Before committing the offense in this case, Harris had sustained one conviction for felony assault and two convictions for felony sale of a controlled substance on different occasions. The district court thus concluded that Harris had previous convictions for one violent felony and two serious drug offenses, and that he was subject to enhanced punishment under § 924(e)(1). The court imposed the statutory minimum term of fifteen years.

On appeal, Harris argues that whether his prior drug convictions were committed on different occasions is a fact that increases the prescribed punishment for his offense. Relying on *Alleyne v. United States*, 133 S.Ct. 2151, 2160-61 (2013), he argues that the district court violated his rights under the Sixth Amendment by finding that his prior offenses were committed on different occasions without

requiring that the fact be proved beyond a reasonable doubt to a jury or admitted by the defendant. According to *Almendarez-Torres v. United States*, 523 U.S. 224, 243-44 (1998), however, recidivism is not an element that must be admitted or proved to a jury. The Court in *Alleyne* did not revisit that "narrow exception" to the general rule. 133 S. Ct. at 2160 n.1. Whether prior offenses were committed on different occasions is among the recidivism-related facts covered by the rule of *Almendarez-Torres*. *United States v. Evans*, 738 F.3d 935, 936-37 (8th Cir. 2014) (per curiam). In any event, Harris admitted that his prior drug offenses were committed on two different occasions during a colloquy at his plea hearing, R. Doc. 32, at 9-10, and by not objecting to the factual recitation in the presentence report. *United States v. Paz*, 411 F.3d 906, 909 (8th Cir. 2005). Harris's challenge to the application of § 924(e) is therefore without merit.[1]

## II.

### A.

The district court raised the special condition of supervised release concerning Harris's sexual activity for the first time during a brief discussion with counsel immediately before the sentencing hearing. The probation office did not recommend the condition. The government did not suggest it. The defendant received no advance notice about it. The district court acknowledged that it was "probably a surprise to everyone."

The district court observed that Harris had fathered ten children out of wedlock with seven different women and declared that Harris's conduct was "creating a very

---

[1]Harris does not assert that his prior conviction for felony assault was counted as a violent felony under the "residual clause" of § 924(e)(2)(B)(ii), rather than under § 924(e)(2)(B)(i), so the invalidation of the residual clause in *Johnson v. United States*, No. 13-7120, 2015 WL 2473450 (U.S. June 26, 2015), has no effect here.

serious social problem" that was "more serious than a lot of the things that we do deal with on conditions of supervised release." During the hearing, the court again raised a "social problem of apparently a great deal of unprotected sex."

Harris, through counsel, objected to the suggested condition, stating that there was no evidence that the mothers of his ten children were incapable of caring for them. He argued that "[b]abies aren't diseases," and that many single mothers are capable of caring for children by themselves. Harris also alluded to a "right to procreate" and raised logistical problems that would arise from requiring the probation office to approve his sexual activities. The government described the court's proposal as "an unexpected situation" and made no recommendation on the condition. In his allocution, Harris declared that none of his children was "a hindrance to the government."

The district court then commented further on its suggested condition of release. The court said that it would "back away" if there was "a religious problem," because it doubted the court's authority to modify First Amendment rights. The court explained that if Harris advised the probation office that he had a spouse or a partner with whom he was living on a regular basis, and that the couple wanted to have children, then the court was "confident that the probation officer would allow unprotected sex" or the court would direct that it be permitted. The court explained that it did not mean to be "targeting" Harris, and that the court contemplated imposing a condition regarding sexual activity "rather frequently when there appears to be a problematic number of illegitimate children."

In the oral pronouncement of sentence, the court directed that Harris must comply with an "additional special condition that there be no unprotected sex activities without probation office approval during the period of supervised release." The court then declared that there are many times when "the worst conduct by a defendant, although not illegal, is the apparent irresponsibility in a sexual manner,"

-4-

and expressed concern about "its effect on society" and "its effect on the children who have frequently, not perhaps in this case, frequently no financial or emotional support from a defendant."

One week later, the district court filed a memorandum to counsel reporting that the judgment form submitted to the court included "an accurate statement of the additional condition of supervised release" pronounced in the courtroom, to wit: "the defendant shall not participate in any unprotected sex activities without approval of the Probation Office during the term of supervision." The court wrote that its comments at sentencing also had referred to its "supposition that the Probation Office would defer to religious scruples and to the desire of couples to conceive children." The court stated that on further consideration, it believed that the condition should include "specific language to that effect, and that open-ended discretion by the Probation Officer is inappropriate."

The memorandum explained that the written judgment would substitute "more limited" language for the oral pronouncement, providing that "the defendant shall use contraceptives before engaging in sexual activity that may otherwise cause pregnancy unless such use would violate his religious scruples or is expressly rejected by his sexual partner." The court believed that because the substitute language was "less restrictive and more clearly articulated than the original wording," there was no need for "a reopened sentencing hearing."

The court then acknowledged the likelihood of an appeal and closed the memorandum as follows:

> We deal with various types of less serious social evils during supervision, including minimal drug usage, unlicensed driving, associations with felons and being present in a barroom. Irresponsible sexual conduct by defendants under supervision greatly burdens women

-5-

who may be unwilling to conceive children as well as offspring routinely abandoned by biological fathers.[2]

B.

Conditions of supervised release are governed by 18 U.S.C. § 3583(d). The court may order a special condition of release if it is consistent with any pertinent policy statement of the Sentencing Commission and satisfies two other criteria. The condition must be "reasonably related to" four factors: the nature and circumstances of the offense and the history and characteristics of the defendant, the need to afford adequate deterrence to criminal conduct, the need to protect the public from future crimes of the defendant, and the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. The condition also must "involve[] no greater deprivation of liberty than is reasonably necessary" to afford adequate deterrence, protect the public from future crimes of the defendant, and provide the defendant with needed training and medical care. 18 U.S.C. § 3583(d); *see* 18 U.S.C. § 3553(a).

Harris renews his objections to the special condition of supervised release, arguing both that the district court abused its discretion under § 3583(d) and violated Harris's constitutional rights. The government does not address the special condition pronounced at sentencing, but defends the special condition set forth in the district court's written judgment. According to the government, the written condition "merely requires [Harris] to follow the law and not engage in non-consensual sexual contact or essentially engage in sexual assault."

---

[2]    This defendant is said to offer financial support and nurturing for his illegitimate children. There are ten such children, with numerous mothers. In my view, this would not preclude addressing a general problem.

This argument is unsupported. No law cited by the government requires a man to use contraception unless his sexual partner "expressly rejects" its use. If a man proposes to engage in consensual sexual activity without mentioning contraception, and a woman voluntarily agrees without mentioning contraception, then there is no violation of law. If a man proposes to forego use of contraception while engaging in consensual sexual activity, and a woman voluntarily agrees, then there is no violation of law. That the woman in neither case "expressly rejects" a proposed use of contraceptives does not mean that the man has committed sexual assault or engaged in non-consensual sexual contact. The written condition imposes a restriction that exceeds a general requirement to obey the law. This point evidently was not lost on the district court, which described Harris's past sexual conduct as "irresponsible" but "not illegal."

Harris, like the government, addresses the written version of the special condition, but the written judgment is not the correct focus. It is well established that when an oral pronouncement of sentence conflicts with the written judgment, the oral pronouncement controls. *Hill v. United States ex rel. Wampler*, 298 U.S. 460, 464-65 (1936); *United States v. Morais*, 670 F.3d 889, 895 (8th Cir. 2012); *United States v. Brave*, 642 F.3d 625, 627 (8th Cir. 2011); *United States v. Durham*, 618 F.3d 921, 945 (8th Cir. 2010). The sentencing court cannot alter the terms of a sentence once the defendant has begun to serve it, *Johnson v. Mabry*, 602 F.2d 167, 170 (8th Cir. 1979), and an after-the-fact written judgment cannot cure an illegal sentence imposed in court. *United States v. Foster*, 514 F.3d 821, 825 (8th Cir. 2008).

The special condition as pronounced orally provided in substance that Harris "shall not participate in any unprotected sex activities without approval of the Probation Office during the term of supervision." This special condition cannot be sustained.

For one thing, the special condition as pronounced is even broader than the novel restriction on fathering children that the court seemed to contemplate during the hearing. By restricting "unprotected sex activities," without limitation, the condition purports to regulate conduct that could not result in pregnancy. The condition is not even reasonably related to the purposes that motivated the condition.

The special condition also is not reasonably related to the statutory factors set forth in § 3583(d). As in *United States v. Smith*, 972 F.2d 960 (8th Cir. 1992), where this court set aside a special condition attempting to regulate a defendant's fathering of children while on supervised release, the condition here is not related to the nature and circumstances of Harris's offense. The court did not find that Harris's sexual activity was related to his unlawful possession of a firearm. Nor did the district court explain how restrictions on Harris's sexual activity would deter Harris from future criminal conduct, protect the public from future crimes by Harris, or assist in Harris's training, medical care, or correctional treatment. For similar reasons, the condition impermissibly involves a greater deprivation of liberty than is reasonably necessary to afford adequate deterrence, protect the public from future crimes, and provide the defendant with needed training, care, or treatment. As in *Smith*, the district court sought to address a perceived social problem that does not have the required nexus to factors that guide sentencing in a federal criminal case.

We conclude that the district court exceeded its authority under § 3583(d) when it imposed the special condition of supervised release at sentencing. The revised condition included in the written judgment is not properly before us, but it would of course raise similar issues with respect to the requirement that a condition bear a reasonable relationship to the statutory factors that govern sentencing.

\* \* \*

-8-

For the reasons stated, we modify the judgment of the district court to delete the eighth additional condition of supervised release. The judgment of the district court is affirmed as modified. *See United States v. Juan-Manuel*, 222 F.3d 480, 488 (8th Cir. 2000).

_____