# United States Court of Appeals

### For the Eighth Circuit

_____

No. 19-1188

_____

United States of America

*Plaintiff - Appellee*

v.

Kyle T. Wade

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: December 9, 2019
Filed: February 7, 2020
[Unpublished]

_____

Before ERICKSON, ARNOLD, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Kyle T. Wade pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). After determining that Wade qualified for sentencing under the Armed Career Criminal Act ("ACCA"), the district court sentenced Wade to fifteen years' imprisonment, the statutory minimum. 18 U.S.C. § 924(e)(1). Wade appeals, contending the district court violated the Sixth

Amendment when it found, for ACCA purposes, that Wade had committed two previous offenses charged in a single indictment on occasions different from one another. Wade claims that under the Sixth Amendment this was a fact for a jury to find. Because this argument is foreclosed by our precedent, we affirm.

On October 2, 2018, Wade pled guilty to being a felon in possession of a firearm. The Presentence Investigation Report ("PSR") indicated that because Wade had three previous drug-related convictions, he qualified for a sentencing enhancement under ACCA. One conviction was for possession of a controlled substance with intent to distribute, in violation of Missouri law. The other two were federal convictions for distribution of cocaine. The federal charges were brought in the same indictment, which, along with the plea agreement in that case, made clear that Wade had engaged in the conduct underlying one of the charges on February 24, 2012, and the conduct underlying the other charge on October 5, 2012.

The district court rejected Wade's argument that his Missouri state conviction did not count as a serious drug offense under ACCA. Wade asserts a new argument on appeal. He claims the district court violated the Sixth Amendment when it, instead of a jury, decided the question of whether the conduct underlying Wade's two federal drug offenses took place on different occasions. Wade's claim is foreclosed by our precedent. United States v. Harris, 794 F.3d 885, 887 (8th Cir. 2015). Even though there has been recent discussion about the lasting viability of this holding in light of recent Supreme Court precedent, United States v. Perry, 908 F.3d 1126, 1134-36 (8th Cir. 2018) (Stras, J., concurring), we are bound by a prior panel's decision, Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) (en banc).

We affirm Wade's fifteen-year sentence under ACCA.

_____