# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1775
_____

United States of America

*Plaintiff - Appellee*

v.

David Boschee

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: May 11, 2020
Filed: June 30, 2020
[Unpublished]

_____

Before SMITH, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Following several violations, the district court[1] revoked David Boschee's supervised release, sentenced him to time served, imposed four years of supervised

---

[1] The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

release, and imposed a special condition prohibiting Boschee from using his smartphone. Boschee appeals, arguing the special condition, as written in the order modifying Boschee's conditions of supervised release, conflicts with the oral sentence, and the district court failed to adequately explain the basis for the special condition. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

In 2008, Boschee pled guilty to one count of using the Internet to entice a child to engage in unlawful sexual activity in violation of 18 U.S.C. § 2422(b) and S.D. Codified Laws §§ 22-22-1(5) and 22-22-7. He was sentenced in the District of South Dakota to 144 months imprisonment with a five-year term of supervised release to follow. The district court also imposed a number of special conditions, one of which provided:

> The defendant shall not possess or use any computer with access to any on-line computer service without the prior approval of the probation office. This includes any Internet service provider, bulletin board system, or any other public or private computer network. The defendant shall not have access to a modem and/or any network card during his term of supervision without the prior approval of the probation office.

In 2017, Boschee began his supervised release under the jurisdiction of the District of North Dakota. In August 2018, Boschee's probation officer submitted a petition alleging Boschee had violated the terms of his release by accessing the Internet without permission of the probation office. In November 2018, after concluding that Boschee had violated a condition of his release, the district court issued an order modifying the conditions. As relevant to this appeal, the order expanded the scope of the above-listed condition, which was included as Special Condition 10, by providing that Boschee "must not possess or use any computer *or other device* with access to any on-line computer service without the prior approval of your probation officer. This includes any Internet service provider . . . ." (emphasis

added). The order also included Special Condition 13, which provided that Boschee was approved to possess his current smartphone.[2]

In December 2018, Boschee's probation officer petitioned for revocation of Boschee's supervised release, alleging that Boschee had again accessed the Internet without permission. At the revocation hearing, Boschee's probation officer testified, and Boschee did not dispute, that Boschee had accessed the Internet on his smartphone. The district court revoked Boschee's supervised release and resentenced him to time served and a four-year term of supervised release. The district court also stated its intent to modify Special Condition 10 to include language that Boschee "shall not possess or use any . . . cell phone, smartphone, or any other type of phone device or other device with access to the Internet or any websites or any online computer service" without prior approval. The court made clear that, before it issued a final order on its proposed modifications, it would give the parties an opportunity to suggest any other language for Special Condition 10 that either party believed would be of assistance in addressing or eliminating future problems. Later in the hearing, the court also asked the parties for input on Special Condition 13 regarding which of Boschee's "phone or phones . . . need to be identified by make and model and serial number in [the] order modifying the . . . special conditions of supervised release."

After receiving the submissions from the parties, the district court issued its written order modifying the terms of Boschee's supervised release. In the order, the court adopted, without explanation, the government's proposed language as to Special Conditions 10 and 13. Special Condition 10 provides that Boschee "must not possess or use any . . . cell phone, smart phone, or other device with access to the

---

[2]We use the term smartphone to refer to any phone that has Internet-access capabilities. Accordingly, a non-smartphone is one without Internet-access capabilities.

internet, any website, or any on-line computer service without the prior approval of [his] probation officer." Special Condition 13 provides that Boschee is "approved to possess [his] current [non-smartphone], subject to all other conditions of supervision. [He] must not change [his] phone without prior approval of [the] probation office." Boschee filed a motion to reconsider, asking the court to correct Special Condition 13. The court denied the motion as to Special Condition 13.

Boschee contends that the district court erred in imposing Special Condition 13 because the written condition conflicts with the oral sentence, and the district court did not adequately explain the basis for the condition. "We review the district court's imposition of the terms and conditions of supervised release for an abuse of discretion." United States v. Boston, 494 F.3d 660, 667 (8th Cir. 2007). In imposing special conditions of supervised release, "the district court is afforded wide discretion." United States v. Jorge-Salgado, 520 F.3d 840, 842 (8th Cir. 2008). Nonetheless, "[w]hen crafting a special condition of supervised release, the district court must make an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements." United States v. Wiedower, 634 F.3d 490, 493 (8th Cir. 2011) (internal quotation marks omitted).

Boschee first argues that it was improper for the district court to impose Special Condition 13 because the condition, as set out in the order modifying Boschee's special conditions, conflicts with the oral sentence. See United States v. James, 792 F.3d 962, 971 (8th Cir. 2015) ("Where an oral sentence and the written judgment conflict, the oral sentence controls." (internal quotation marks omitted)). However, this is not a scenario in which the court announced its oral sentence that was later memorialized in a written judgment. See, e.g., United States v. Brave, 642 F.3d 625, 627 (8th Cir. 2011) (holding that written special condition, to the extent it is broader than the oral pronouncement, is void because "oral pronouncement by the sentencing court is the judgment of the court"). Instead, at the revocation hearing, the

-4-

court merely announced tentative language and invited the parties to provide their input for the court's consideration before a final written modification order was entered. Indeed, the court specifically requested input on the issue of potential restrictions on Boschee's possessing and using a smartphone.

Nevertheless, Boschee argues that during the hearing, the district court only left open the possibility of modifying Special Condition 13 in the written order by adding a non-smartphone to the approved list of cell phones and never stated that Boschee's smartphone would be removed from that list. While the court did not explicitly state that Boschee would no longer be able to possess and use his smartphone, it stated its intent to modify Special Condition 10 to include language that Boschee "shall not possess or use any . . . cell phone, smartphone, or any other type of phone device or other device with access to the Internet or any websites or any online computer service" without prior approval. Such a modification to Special Condition 10 would necessarily require that Boschee's smartphone be removed from the approved list of cell phones included in Special Condition 13. Thus, the district court did not abuse its discretion in modifying the conditions in the written order after the revocation hearing.

Boschee also argues the district court did not provide an adequate explanation to support the imposition of Special Condition 13. However, while "[d]istrict courts are encouraged to provide an explanation of how the conditions satisfy the requirements of [18 U.S.C.] § 3583(d), . . . where the basis for the special conditions can be discerned from the record, reversal is not required." United States v. Simpson, 932 F.3d 1154, 1156 (8th Cir. 2019), cert. denied, 140 S. Ct. 826 (2020); United States v. Thompson, 653 F.3d 688, 694 (8th Cir. 2011) (applying harmless-error analysis to sentence imposing special condition without making individualized findings). Here, the reason for the revocation hearing was Boschee's continued unauthorized Internet access in violation of Special Condition 10, which Boschee accomplished by using his smartphone. And Boschee does not dispute that there was

a sufficient basis in the record to limit Boschee's ability to access the Internet. <u>See United States v. Deatherage</u>, 682 F.3d 755, 764 (8th Cir. 2012) (upholding condition prohibiting unauthorized Internet access because it was central to the defendant's child pornography offense). Thus, there is a sufficient basis in the record to discern why the court imposed Special Condition 13 to prohibit Boschee's possession and use of his smartphone: to better enforce the restriction on Boschee's unauthorized Internet access, which Boschee has repeatedly violated.

The judgment is affirmed.

_____