# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-1889
_____

United States of America,

*Plaintiff - Appellee,*

v.

Tony Terrell Robinson,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: November 17, 2023
Filed: January 25, 2024
[Unpublished]
_____

Before COLLOTON, BENTON, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

This appeal concerns a sentence for a revocation of supervised release. Because the district court's oral pronouncement of sentence conflicts with the written judgment, we vacate the judgment in part and remand for further action by the district court.

Tony Robinson was serving a term of supervised release after release from prison on a fraud conviction. The district court found that Robinson violated several conditions of release and imposed a new term of six months' imprisonment, followed by two years of supervised release.

Because Robinson's criminal history includes a conviction for first-degree criminal sexual conduct, the court also discussed imposing a special condition of release relating to contact with minors. The court said that given Robinson's criminal history, her supervised release "typically" would include a condition that she must "not associate with persons under the age of 18" unless she was "given permission" by a "responsible adult" who was "aware of the background of Ms. Robinson." Robinson objected, and the court responded as follows:

> What we'll do is have the, I think have the updated psychosexual evaluation. I won't substitute my judgment. So in the event, we'll take a look at that, unless they put that condition in I won't impose it. And then if there is a condition and, Ms. Wolpert, if you or the government want to have that reviewed, again even though it's not the first case, not unique to Ms. Robinson's case, it gets a little bit more complicated when the case gets—they terminate their case and move it over and then we add conditions to our—but we will—and then because I was also going to order an individualized sex offender treatment, subject to those who have experience with transgendered individuals as approved by probation, so we can do that. And so we'll take a look at that and have the right to review it if there's not an agreement by everyone.

The court asked the parties whether the announced course of action would "work" for them. Both defense counsel and the prosecutor replied in the affirmative. The court's written judgment, however, does not refer to the potential for further "review" after a psychosexual evaluation. Instead, special condition (c) provides: "If deemed appropriate by the sex offender treatment provider, the defendant shall not associate with persons under the age of 18 except in the presence of a responsible

adult who is aware of the nature of the defendant's background and current offense and who has been approved by the probation officer."

Robinson argues that the written condition conflicts with the court's oral pronouncement. When an oral pronouncement of sentence conflicts with the written judgment, the oral pronouncement controls. *United States v. Harris*, 794 F.3d 885, 889 (8th Cir. 2015). The government agrees that the written condition and the court's oral pronouncement conflict insofar as the written condition requires "the presence of a responsible adult" when Robinson associates with minors. The government requests that this court remand for the district court to address only this discrepancy.

Robinson maintains that the conflict is greater, because the court's oral pronouncement of sentence required only that she submit to an evaluation. On her view, if the evaluator recommends a condition limiting her contact with minors, then she retains the right to object to the suggested condition of release and to obtain further review by the district court. Robinson argues that the written condition eliminates her "right to review" that the court contemplated in its oral pronouncement. The government responds that Robinson waived her ability to challenge the special condition on contact with minors if the evaluator recommends it.

As we read the record, Robinson agreed only to proceed with a psychosexual evaluation, with a "right to review" by the court if the evaluator were to recommend a condition to which Robinson objects. The court explained that if the evaluator recommended limiting Robinson's contact with minors, then the court and the parties would "take a look at that and have the right to review it if there's not an agreement by everyone." We thus agree with Robinson that special condition (c) conflicts with the court's oral pronouncement in that respect as well. The appropriate remedy is to remand for the district court to reconcile the written judgment with the oral pronouncement. *See United States v. James*, 792 F.3d 962, 973 (8th Cir. 2015). This

conclusion comports with the government's motion to remand, which suggests that "the district court mentioned a possible condition governing contacts with children and engaged in a dialogue with the defense and probation officer about the wording, but never actually pronounced a condition."

For these reasons, we vacate special condition (c) in the written judgment and remand for further action by the district court. The government's motion for remand, if not withdrawn, is denied as moot.

_____